**UNITED STATES**

v.

Private (E-1) Robert E. TALIAFERRO, Jr., 177–46–4420, U. S. Army, Company B, U. S. Army Security Agency Field Station Augsburg, APO 09458.

CM 432736.

U. S. Army Court of Military Review.

29 July 1975.

Sentence adjudged 6 November 1974. Approved sentence: Confinement at hard labor for 18 months and forfeiture of all pay and allowances for 18 months (By action of SA, 25 Mar 75, CHL in excess of 15 mos is remitted).

Appearances: Appellate counsel for the Accused: CPT J. D. Miller, JAGC; CPT Sammy S. Knight, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. De Fiori, JAGC. Appellate counsel for the United States: CPT Joel M. Martel, JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

SNEEDEN, Chief Judge:

### CASE SUMMARY

The accused, contrary to his pleas, was convicted of nine specifications of making checks with knowledge of insufficient funds and two specifications alleging forgery of checks. After the findings the trial counsel offered into evidence, not in rebuttal, two additional checks found in the same search as the offenses charged. The checks relating to the uncharged offenses of forgery were offered over objection of defense counsel. His objection was overruled and the evidence admitted. The staff judge advocate in his review addressed the question and advised the convening authority not to consider the uncharged misconduct in determining an appropriate sentence. He

further advised the convening authority that the error was harmless. The staff judge advocate, noting the recommendation of the president of the court-martial that "the rehabilitative machinery that the Army [sic] be put to use in conjunction with the sentence," nevertheless recommended that sentence be approved. The convening authority followed his recommendation and approved the sentence.

## ISSUE

May the trial counsel present matters in aggravation post-findings, not in rebuttal, other than prior convictions and permitted personnel record entries where an accused pleads not guilty, but is found guilty by a court-martial?

## DECISION

■ The issue for decision was discussed by Judge Alley last year:

"Paragraphs 70 and 75*b* (3), Manual for Courts-Martial, United States, 1969 (Revised edition), make provision only in guilty plea cases for the prosecution to offer matter in aggravation of an offense post-findings, not in rebuttal. The *Manual* does not expressly prohibit the practice in contested cases, but a prohibition may fairly be implied from the language itself and from logic. The type of aggravating matter in question must go to the particular offense of which an accused has been convicted, not to general denigrations of the accused or to unrelated incidents. *See United States v. Roberts*, 18 U.S.C.M.A. 42, 39 C.M.R. 42 (1968); *United States v. Potter*, 46 C.M.R. 529 (N.C.M.R.1972). Unrelated anti-social acts may be shown through prior convictions or personnel records entries. Paragraphs 75*b* (2), *d, Manual, supra.* The drafters would have served no purpose in specifying these two modes of presenting evidence, with all the safeguards attached, if the Government could present a general denigration in any event, unhampered by the stringencies of proof required for an actual conviction. Therefore, we follow *United States v. Allen*, 21

C.M.R. 609 (C.G.B.R. 1956), and hold that it was error for the Government, after findings in this contested case, to present matters in aggravation unconnected with the offense at issue, not in rebuttal, and other than prior convictions and permitted personnel records entries.

The effect of the trial defense counsel's failure to object is to render it unnecessary for us to take cognizance of the error, and we decline to do so. *United States v. Pinkney*, 22 U.S.C.M.A. 595, 48 C.M.R. 219 (1974)." (*United States v. Pease*, 49 C.M.R. 172, 173 (A.C.M.R. 1974)).

In this case there is no waiver since the defense made timely objection to admission of the evidence of two uncharged forgery offenses. The issue of guilt having already been decided, admission of uncharged misconduct to show "motive, intent, or state of mind" was immaterial. The only purpose the evidence could serve at this juncture was to convince the court-martial that the accused was a bad man.

The staff judge advocate recognized the error and correctly advised the convening authority that he could not consider the evidence of uncharged misconduct in determining the sentence he would approve. Further, the staff judge advocate noted that the error was harmless and did not influence the court-martial on sentence.

We do not agree with his latter premise and answer no to the issue for decision.

■ Some trial errors affecting the sentence may be purged by reassessment of the sentence on review. Others require a rehearing before a court-martial notwithstanding the fact that the error was noted below. *United States v. Roberts*, 18 U.S.C. M.A. 42, 39 C.M.R. 42, 46 (1968). The former course is chosen in this case for three reasons. First, the court-martial which sentenced the accused did not adjudge a punitive discharge; second, the sentence to confinement was not severe viewed in context with the maximum which could have been adjudged. Third, the president of the court-martial recommended clemency. Un-

der the circumstances of this case we believe it appropriate to reassess the sentence at this level and purge the error. *United States v. Potter*, 46 C.M.R. 529 (N.C.M.R. 1972).

Accordingly, the findings of guilty are affirmed. Only so much of the sentence as provides for confinement at hard labor for twelve months, and forfeiture of all pay and allowances for twelve months is affirmed.

Judge MITCHELL and Judge MOUNTS concur.