## UNITED STATES

v.

**Anthony CAMPAGNA, 090 46 0644, Machinist's Mate Fireman Apprentice (E-2), U. S. Naval Reserve.**

**NCM 78 0843.**

U. S. Navy Court of Military Review.

Sentence Adjudged 7 April 1978.

Decided 29 Nov. 1978.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT Richard A. Joyce, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, FERRELL and ROOT, JJ.

FERRELL, Judge:

Appellant was convicted of conspiracy and larceny pursuant to his pleas of guilty before a judge alone general court-martial. The sentence as approved by the convening authority provides for confinement at hard labor for 1 year with all confinement over 8 months suspended, a bad-conduct discharge suspended for the period of confinement and 12 months thereafter, forfeitures of $275.00 pay per month for a period of 12 months, and reduction to E-1.

The appellant claims he is being denied regular good-time sentence credits at the rate of 10 days per month. He is being credited for 6 days per month good time in accordance with paragraph III, 0.1, DOD Instruction 1325.4 of 7 October 1968, as supplemented by SECNAV–INST 1640.9 (19 June 1972), the United States Navy Correction's Manual. We are urged to adopt the view of Chief Judge Fletcher as expressed in a concurring opinion in *United States v. Larner*, 1 M.J. 371 (C.M.A.1976). In that opinion, the Chief Judge said the progressive rates had no relation to the purpose of awarding good-time credits (rewarding good behavior) and were, therefore, without rational basis and, thus, a denial of due process of law.

The military system of good-time sentence credit, earned according to a graduated scale, is identical to the federal schedule upon which it is based. This system was considered and its constitutionality upheld by the United States District Court for Connecticut in the case of *DeSimone v. Norton*, 404 F.Supp. 964 (1975). We agree with The Honorable Judge of that court when he stated:

" . . . The apparent Congressional rationale behind the graduated scale set forth in § 4161 is to grant effective rewards for presumably demoralized long term offenders and yet not excessively lighten the impact of incarceration for short term inmates. Thus, in the enactment of the different categories for good time credits, there is a legitimate legislative goal which rationally promotes the rehabilitation of prisoners and enhances

the efficient management of federal penal institutions. Under these circumstances, there has been a proper exercise of Congressional authority to curtail an inmate's term of imprisonment and to prescribe the perimeters and conditions for such curtailment." [*DeSimone v. Norton* at 967] (Citations omitted.)

We find no merit in appellant's assignment of error and, believing the system of good-time sentence credit utilized in the military is constitutionally valid, we affirm the findings and the sentence as approved by the convening authority.

Chief Judge CEDARBURG and Judge ROOT concur.