**UNITED STATES**

v.

**Ronald K. CORL, 241 15 3448, Private (E–1), U. S. Marine Corps.**

**NCM 78 0968.**

U. S. Navy Court of Military Review.

Sentence Adjudged 24 April 1978.

Decided 23 Jan. 1979.

CAPT Joseph F. Smith, USMCR, Appellate Defense Counsel.

LT Christine M. Yuhas, JAGC, USN, Appellate Government Counsel.

Before CEDARBURG, C. J., and ROOT and GREGORY, JJ.

CEDARBURG, Chief Judge:

Contrary to his pleas, appellant was convicted by a general court-martial, composed of officer members, of an unauthorized absence of 26 days and two instances of transfer and sale of phencyclidine in violation of Articles 86 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 892. He was sentenced to a dishonorable discharge, confinement at hard labor for 2 years, forfeiture of all pay and allowances, and reduction to pay grade E–1.

Appellant assigns five alleged errors:

I

FIVE MEMBERS COURTS, AS USED HERE, VIOLATE FIFTH AMEND-

MENT DUE PROCESS AND RESULT IN LACK OF UNIFORMITY IN APPLICATION OF ARTICLE 16, U.C.M.J., 10 U.S.C. § 816.

II

LCDR FORD'S TESTIMONY WAS INADMISSIBLE.

III

THE GOVERNMENT WAS ALLOWED TWO ARGUMENTS ON SENTENCE.

IV

PVT CORL IS ENTITLED TO SENTENCE CREDIT FOR THE SEVENTY-NINE DAYS HE SPENT IN PRETRIAL CONFINEMENT.

V

PVT CORL IS ENTITLED TO EARN REGULAR GOOD TIME CREDITS AT THE RATE OF TEN DAYS PER MONTH.

I

■ The court-martial which returned the findings and sentence in this case ultimately consisted of five members. Article 16, Uniform Code of Military Justice, requires that general courts-martial shall consist of not less than five members. That requirement was met in this case. Appellant, nonetheless, contends the five-member court-martial does not meet constitutional muster and, in support, cites decisions which include *Ballew v. Georgia,* 435 U.S. 223, 98 S.Ct. 1029, 55 L.Ed.2d 234 (1978), the latest in a series of United States Supreme Court cases discussing the due process minimum in jury size. We disagree, finding that the cases cited by appellant are limited to their civilian context and do not apply to courts-martial.

■ The Sixth Amendment right to a jury trial, by long-established principle, is inapplicable to trial by courts-martial. *O'Callahan v. Parker,* 395 U.S. 258, 89 S.Ct. 1683, 23 L.Ed.2d 291 (1969); *Ex parte Qui-*

*rin,* 317 U.S. 1, 63 S.Ct. 1, 87 L.Ed. 3 (1942); *Ex parte Milligan,* 71 U.S. (4 Wall.) 2, 18 L.Ed. 281 (1866). "Courts-martial . . . derive their authority from the enactments of Congress under Article I of the Constitution, pursuant to congressional power to make rules for the government of the land and naval forces. Consequently, the Sixth Amendment right to trial by jury with accompanying considerations of constitutional means by which juries may be selected has no application to the appointment of members of courts-martial." *United States v. Kemp,* 22 U.S.C.M.A. 152, 154, 46 C.M.R. 152, 154 (1973). "The constitution of courts-martial, like other matters relating to their organization and administration, . . . is a matter appropriate for congressional action." *Whelchel v. McDonald,* 340 U.S. 122, 127, 71 S.Ct. 146, 149, 95 L.Ed. 141, 145 (1950). Alteration of long-recognized distinctions between civilian juries and military courts-martial was not addressed nor contemplated in *Ballew v. Georgia, supra.* See *United States v. Lamela,* No. 435881 (ACMR 21 April 1978) (unpublished), *pet. granted* (issues II, VIII), 6 M.J. 11 (C.M.A.1978), *vacated* as to issue VIII, 6 M.J. 32 (C.M.A.1978); *United States v. Wolff,* 5 M.J. 923 (N.C.M.R.1978).

Beyond the judicial recognition of the authority of Congress to make rules for the government of land and naval forces under Article I, a second reason for the inapplicability of *Ballew* to military courts-martial is the reliance in the decision upon empirical data derived only from the civilian community. The civilian community is different from the military community, a fact so clearly beyond dispute that it has been judicially recognized. See *Parker v. Levy,* 417 U.S. 733, 94 S.Ct. 2547, 41 L.Ed.2d 439 (1974); *Schlesinger v. Councilman,* 420 U.S. 738, 95 S.Ct. 1300, 43 L.Ed.2d 591 (1975).

The selection process for court-martial members under Article 25, Uniform Code of Military Justice, 10 U.S.C. § 825, requiring the convening authority to detail members who are best qualified for duty by reason of age, education, training, experience, length of service and judicial temperament, has no

counterpart in the summoning, in the civilian judicial system, of venireman without reference to qualifying standards. The due process concerns expressed in *Ballew* are largely obviated in the military method for selecting members. Appellant's first assignment is denied.

## II

█ During the presentencing stage, Lieutenant Commander Ford, a licensed pharmacist, testified on the psychological and physiological effects of phencyclidine on its users. We determine the professional qualifications of Lieutenant Commander Ford, established in the record, support the sound discretion of the military judge in permitting him to testify in aggravation on the offenses involving the sale and transfer of phencyclidine, as an expert on the special matter of the effects of the drug in question. We further hold that the testimony of Lieutenant Commander Ford was relevant as ". . . appropriate matter to aid the court in determining the kind and amount of punishment to be imposed," *Manual for Courts-Martial, United States, 1969* (Revised edition), paragraph 75a, and therefore properly admitted by the military judge. Evidence of the effects of the drug, phencyclidine, the sale and transfer of which appellant was convicted, is not common knowledge. It was appropriate to receive evidence of the psychological and physiological effects of the drug illegally sold and transferred by appellant to aid the court members in assessing a punishment to fit the crime. *United States v. Ysaguirre,* No. 78 0566 (NCMR 27 November 1978) (unpublished). The second assignment of error is denied.

## III

█ The defense requested at trial that the Government be limited to one argument on sentence or, in the alternative, that the defense be allowed surrebuttal. The military judge ruled that the prosecution would present the opening argument on sentence, the defense could respond in any fashion they desired and the Government would be limited to rebuttal only of the defense argument in any final argument. We observe that the military judge, in ruling on the defense contention, merely followed long-established customary procedures governing presentation of argument in effect in military and civilian court systems. It is consistent, in our view, with the procedures outlined in the *Manual for Courts-Martial, United States, 1969* (Revised edition), paragraphs 72a, regarding arguments in general, and 75f, specifically relating to arguments on sentence. The third assignment of error is not meritorious.

## IV

█ Appellant spent 79 days in concededly legal pretrial confinement. He argues that the Secretary of Defense, by directive, DODINSTR 1325.4, paragraph III. Q.6., has adopted Justice Department procedures employed in the computation of sentences of federal prisoners. The identical argument has previously been fully addressed by this Court in *Hart v. Kurth,* 5 M.J. 932 (N.C.M. R.1978). That holding is dispositive of the issue before us. There we stated:

We are convinced that the procedures published by the Department of Justice and employed in the computation of sentences of federal prisoners and military prisoners under the jurisdiction of the Justice Department are not in conflict, either expressly or impliedly, with the specific exclusions set out in 18 U.S.Code, Section 3568, relating to offenses triable by court-martial. Thus, the exclusions [of pretrial confinement in connection with military offenses in sentence computation] would inhere in their incorporation by Department of Defense Instruction 1325.4, *supra,* into the military justice penal system.

The assignment of error is denied.

## V

█ In his final assignment, appellant contends he is entitled to earn regular good time credits at the rate of 10 days per month. He argues progressive rates of good time credit deprive appellant of due

process of law. This identical issue has also been considered by this Court, most recently in *United States v. Campagna,* 6 M.J. 658 (N.C.M.R.1978). There we said:

> The military system of good-time sentence credit, earned according to a graduated scale, is identical to the federal schedule upon which it is based. This system was considered and its constitutionality upheld by the United States District Court for Connecticut in the case of *DeSimone v. Norton,* 404 F.Supp. 964 (1975). We agree with The Honorable Judge of that court when he stated: ". . . The apparent Congressional rationale behind the graduated scale set forth in § 4161 is to grant effective rewards for presumably demoralized long term offenders and yet not excessively lighten the impact of incarceration for short term inmates. Thus, in the enactment of the different categories for good time credits, there is a legitimate legislative goal which rationally promotes the rehabilitation of prisoners and enhances the efficient management of federal penal institutions. Under these circumstances, there has been a proper exercise of Congressional authority to curtail an inmate's term of imprisonment and to prescribe the perimeters and conditions for such curtailment." (Citations omitted.) [*DeSimone v. Norton* at 967].

Our holding, determining the graduated good-time sentence credit utilized in the military to be constitutionally valid, is dispositive of appellant's assignment of error.

The findings as approved on review below are affirmed. Although not raised on appeal, we determine that the period of confinement, although legal, should be modified, considering the entire record, the offenses, and the offender. Accordingly, only so much of the sentence as provides for a bad-conduct discharge, confinement at hard labor for 1 year, forfeiture of all pay and allowances, and reduction to pay grade E–1 is affirmed.

Judge ROOT and Judge GREGORY concur.