## UNITED STATES

### v.

**Sergeant Jeffrey B. SCHRECK, FR 530–52–0681 United States Air Force.**

**ACM 22667.**

U. S. Air Force Court of Military Review.

16 Oct. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Willard K. Lockwood.

Appellate Counsel for the United States: Colonel James P. Porter, Colonel Michel Levant, USAFR, and Major Russell D. Thompson, USAFR.

Before EARLY, C. J., and ARROWOOD and KASTL, JJ.

## DECISION

ARROWOOD, Senior Judge:

We hold in this case that the mental condition of the victim after a sexual offense and a confession of the accused to the offense can be admitted in aggravation as circumstances surrounding the offense charged.

In accordance with his pleas, the accused was found guilty of sodomy and lewd and lascivious acts upon males under sixteen years of age. Upon acceptance of the guilty pleas and findings of guilty by the military judge, a stipulation of facts describing the offenses was admitted into evidence. Before the accused presented any evidence, trial counsel offered expert testimony from a psychologist, who had examined and begun treatment of one of the victims forty–three days after the offense, that the victim was severely disturbed by the sexual incidents and that he may have permanent emotional damage. Then trial counsel offered the testimony of the same victim's mother that the accused, when asked why he had done these things to her son, told her he "hadn't done him any harm", that he loved the boy and that he was sorry that it happened this way. Over objection by defense counsel, the military judge permitted both matters to be presented to the court members as evidence in aggravation.

Under paragraphs 70 and 75b(3), Manual for Courts–Martial, 1969 (Rev.), matters in aggravation may be offered only in cases where the accused has pleaded guilty. *United States v. White*, 4 M.J. 628 (A.F.C.M.R.1977), affirmed 6 M.J. 12 (C.M.A.1978). The trial counsel is permitted to show in aggravation only such facts and circumstances surrounding the commission of the offense as he could have shown by legal evidence in a contested case before findings. This is in addition to evidence of previous convictions and matters in rebuttal of mitigation material offered by defense. *United States v. Allen*, 21 C.M.R. 609 (C.G.B.R.1956). Matters permitted in aggravation must go to the particular offense of which the accused had been convicted, not to general denigrations of the accused or to unrelated incidents. See *United States v. Roberts*, 18 U.S.C.M.A. 42, 39 C.M.R. 42 (1968); *United States v. Talliaferro*, 2 M.J.

397 (A.C.M.R.1975); *United States v. Pease*, 49 C.M.R. 172 (A.C.M.R.1974); *United States v. Potter*, 46 C.M.R. 529 (N.C.M.R. 1972). It is clearly the intent of the *Manual* to limit aggravation to circumstances surrounding commission of the offense. *United States v. Wilson*, 38 C.M.R. 547 (A.B.R. 1967), pet. denied, 38 C.M.R. 441 (C.M.A. 1968); *United States v. Rose*, 6 M.J. 754 (N.C.M.R.1978), pet. denied, 7 M.J. 56 (C.M. A.1979).

■ First, we must determine whether the evidence of the victim's mental condition is an aggravating circumstance surrounding the commission of the offense. The mental condition of the victim of a sexual offense, just as the physical condition, is admissible evidence if it is immediately related to the offense. See *United States v. Smith*, 13 U.S.C.M.A. 105, 32 C.M.R. 105 (1962); *State v. Outen*, 118 S.E.2d 175 (1961). The testimony as to the mental injury to the victim resulting from the offense could in this case be used to corroborate either the testimony of the victim or the accused's confession. For example, a rape victim's demeanor immediately after the act and continuing for a number of days could be used to determine the extent of physical and mental harm inflicted upon her and her prolonged resistance prior to and during the alleged act. *United States v. Nelson*, 3 C.M.R. 165 (A.B.R.1952), pet. denied, 4 C.M.R. 173 (C.M.A.1952). Also see *Commonwealth v. Miller*, Pa.Super., 407 A.2d 860 (1979).

■ The length of time between the offense and a mental examination, while not necessarily determining its admissibility, does affect its probative force. *Loving v. Commonwealth*, 175 Va. 761, 182 S.E. 224 (1935). The forty–three days which intervened in this case would severely limit the testimony's probative value if it was to be admitted before findings, but it would not require its exclusion. The time intervening in this instance is considerably longer than would be customary in most cases. See *Commonwealth v. Miller* and *State v. Outen*, both *supra*. However, since neither the validity of the examination nor the direct relationship between the mental harm to the victim and the offense was questioned, we do not believe the need for a shorter time period to be crucial to admissibility.

■ Next we must look at the inflammatory nature of the testimony, for if it is unduly inflammatory, it should be excluded from evidence even if admissible. *United States v. Roberts, supra*. We do not find the psychologist's testimony to be unduly inflammatory. The period of time before the problem manifested itself, coupled with the victim's mental condition before the offense and his response to treatment since seeing the psychologist dilutes the inflammatory nature of the testimony while providing the court member with a good description as to the seriousness of the offense. Accordingly, we find that the military judge did not abuse his discretion in allowing this testimony before the court members in aggravation.

■ In the last assignment of error appellate defense counsel claim the military judge erred by admitting in aggravation the testimony of the victim's mother as to what the accused had said to her about the offense. We view the statement made by the accused to her as a confession in which he also expressed regret for his actions. The statement relates directly to the offenses and shows the circumstances surrounding the offenses. Accordingly, just as it could have been properly admitted to prove the offenses had the findings been contested, it was properly admitted in aggravation. *United States v. Barnhardt*, 45 C.M.R. 624 (C.G.C.M.R.1972), affirmed, 22 U.S.C.M.A. 134, 46 C.M.R. 134 (1973). See also *United States v. Varacalle*, 4 M.J. 181 (C.M.A.1978), where a confession of the accused was admitted as part of a stipulation of fact after a guilty plea.

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

. EARLY, Chief Judge, and KASTL, Judge, concur.