UNITED STATES, Appellee,

v.

Jerome M. VICKERS, Private First
Class, U.S. Marine Corps,
Appellant.

No. 40,757.
NCM 80–2901.

U. S. Court of Military Appeals.

Aug. 2, 1982.

For Appellant: *Lieutenant Daniel
Lippman*, JAGC, USNR (argued); *Lieutenant Thomas P. Murphy*, JAGC, USNR (on
brief); *Lieutenant Commander Peter B.
Haskel*, JAGC, USN, *Lieutenant Commander Stephen C. Baker*, JAGC, USN, *Major James P. Axelrod*, USMC, *Lieutenant
Lynn M. Maynard*, JAGC, USN.

For Appellee: *Major Charles W. Dorman*,
USMC (argued); *Commander T. C. Watson,
Jr.*, JAGC, USN (on brief); *Lieutenant W.
Eric Minamyer*, JAGC, USNR.

*Opinion of the Court*

EVERETT, Chief Judge:

In a contested case, a military judge sitting alone as a special court-martial convicted appellant of willful disobedience of a
superior commissioned officer; two instances of assault; wrongful use of provoking
words; and communication of a threat, in
violation of Articles 90, 128, 117, and 134,
Uniform Code of Military Justice, 10 U.S.C.
§§ 890, 928, 917, and 934, respectively. He
was sentenced to a bad-conduct discharge,
confinement at hard labor for 3 months,
forfeiture of $290 pay per month for 3
months, and reduction to the lowest enlisted
grade. Both the convening and the supervisory authorities approved these results
and the United States Navy Court of Military Review affirmed. *United States v.
Vickers*, 10 M.J. 839 (N.C.M.R.1981).

After appellant had been convicted, the
prosecution recalled First Lieutenant Cheslek, the officer whose command appellant
had disobeyed and who had testified on the
merits concerning appellant's disobedience.
Testifying in aggravation during the presentencing proceedings, Cheslek revealed
that appellant, rather than leave the area
of a disturbance as Cheslek had ordered,
actually agitated the situation and, in part,
caused Cheslek to lose control of the incident. No defense objection was lodged to
Cheslek's presentencing testimony. However, before the Court of Military Review
and now before this Court, appellant protests that because this was a contested case,
the Manual[1] precluded trial counsel from

1. Manual for Courts-Martial, United States,     1969 (Revised edition).

calling Cheslek to present this aggravating evidence.[2] We disagree.

## I

At the time of appellant's court-martial, paragraph 75a of the Manual for Courts-Martial, United States, 1969 (Revised edition), provided[3] that "[a]fter the findings of guilty have been announced, the prosecution and defense may present appropriate matter to aid the court in determining the kind and amount of punishment to be imposed." Paragraph 75 b particularized the kind of evidence which the prosecution may introduce during these presentencing proceedings, including *"[m]atter showing aggravation of an offense to which a plea of guilty has been entered."* Para. 75 b(3), Manual, *supra*. This subparagraph specifically provided:[4]

> If a finding of guilty of an offense is based upon a plea of guilty and available and admissible evidence as to any aggravating circumstances was not introduced before the findings, the prosecution may introduce that evidence after the findings are announced. See 70 in this connection.

Paragraph 70a, Manual, *supra*, dealing generally with pleas, stated in part:[5]

> A plea of guilty does not exclude the taking of evidence, and if there are aggravating or extenuating circumstances not clearly shown by the specification and plea, any available and admissible evidence as to those circumstances may be introduced.

Appellant urges that these affirmative provisions permitting evidence of the aggravating circumstances in a *guilty*-plea case negatively implies that the President did not anticipate a similar opportunity in a contested case. Instead, so goes the argument, it was intended that the circumstances surrounding an offense in a contested case be shown during the trial on the merits to the extent such evidence is admissible, and that paragraphs 75 b(3) and 70a simply afford a similar opportunity after findings in a guilty-plea case.

## II

Indeed, there is some support for appellant's reading of paragraphs 75 b(3) and 70a in the decisions of the Courts of Military Review and their predecessors, the Boards of Review. The genesis case in this area is *United States v. Allen*, 21 C.M.R. 609 (C.G. B.R.1956). In that case the prosecutor had introduced "in aggravation" of the sentence evidence of a prior conviction which was not yet final. Quoting from this Court's opinions in *United States v. Yerger*, 1 U.S. C.M.A. 288, 3 C.M.R. 22 (1952), and *United States v. Richard*, 7 U.S.C.M.A. 46, 21 C.M.R. 172 (1956), the Coast Guard Board of Review noted the rule "'that evidence of other misconduct is generally not admissible against an accused.'" Then, turning to paragraphs 75b(3) and 70a of the Manual for Courts-Martial, United States, 1951,[6] as the provisions specifically "furnish[ing] the license for the introduction of matter in aggravation," the Board said:

> We note that the above provisions permit the trial counsel to present matters in aggravation after the findings *only in guilty plea cases.* In a not guilty plea

2. Additionally, we granted review of two issues concerning the proper standard for remedying the perceived error in this regard. In light of our disposition of the first issue, however, we need not discuss these other issues.

3. Since appellant's trial, paragraph 75 of the Manual was amended, but with respect to this provision the change was not substantive. *See* Executive Order 12315, July 29, 1981, resulting in Change 5 to the Manual.

4. The substance of paragraph 75b(3) is now in paragraph 75b(4). *See* n.3, *supra*. That provision now reads:

> If a finding of guilty of an offense is based on a plea of guilty and available evidence as to any aggravating circumstances relating to the offenses of which the accused has been found guilty was not introduced before findings, the prosecution may introduce such evidence after the findings are announced. A written or oral deposition taken in accordance with paragraph 117 is admissible for purposes of evidence in aggravation, subject to Article 49.

5. Paragraph 70a as amended in Change 5 is not materially different.

6. Paragraphs 75b(3) and 70a of the Manual for Courts-Martial, United States, 1951, were substantially the same as the parallel provisions in the 1969 Manual.

case, the law is well-settled that the prosecution is restricted after the findings to introducing evidence of previous convictions and to rebutting matters in mitigation introduced by the accused. See cases infra [*Yerger* and *Richard*] and par. 75*d* MCM.

*United States v. Allen, supra* at 612. While this language broadly interprets paragraphs 75*b*(3) and 70*a* to exclude all aggravating evidence in presentence proceedings in a contested case, on its facts the board's ruling might be more narrowly construed to exclude any purportedly "aggravating" evidence which does not directly concern the specific offense of which an accused is convicted. Indeed, the board's reference to the *Yerger* and *Richard* cases supports this more narrow view since both of those cases involved evidence of uncharged misconduct not relating to the offenses then on trial.[7]

However, in *United States v. White*, 4 M.J. 628 (A.F.C.M.R.1977), *aff'd on other grounds*, 6 M.J. 12 (C.M.A.1978), the Air Force Court of Military Review adopted a broad reading of paragraph 75*b*(3). In a contested case wherein the aggravating evidence directly related to the subject offense at trial,[8] the appellate court found error in the military judge's allowing the evidence to be introduced post-findings. Without citing *Allen*, the court concluded that "[t]he obverse implication of the *Manual* procedural provision is that the prosecution is not privileged after findings to introduce evidence showing aggravation of offenses to which an accused pleaded not guilty." *Id.* at 634. Citing *White*, the same court adhered to this interpretation of paragraphs 75*b*(3) and 70*a* in *United States v. Schreck*, 10 M.J. 563, 564 (A.F.C.M.R.1980). Moreover, relying on *Allen*, the court in *Schreck* ruled that, even in guilty plea cases, the prosecutor may "show in aggravation only such facts and circumstances surrounding the commission of the offense as he could have shown by legal evidence in a contested case before findings." *Id.*

The Army Court of Military Review has assumed the same position as its Air Force counterpart concerning paragraphs 75*b*(3) and 70*a*. As the court put it in *United States v. Peace*, 49 C.M.R. 172, 173 (A.C.M.R.1974):

Paragraphs 70 and 75*b*(3) ... make provision only in guilty plea cases for the prosecution to offer matter in aggravation of an offense post-findings, not in rebuttal. The *Manual* does not expressly prohibit the practice in contested cases, but a prohibition may fairly be implied from the language itself and from logic. The type of aggravating matter in question must go to the particular offense of which an accused has been convicted, not to general denigrations of the accused or to unrelated incidents.

*Accord, United States v. Taliaferro*, 2 M.J. 397 (A.C.M.R.1975).

While the Air Force and the Army Courts of Military Review have interpreted *Allen* in broad terms to construe paragraphs 75*b* (3) and 70*a* as precluding presentation of aggravating evidence post-findings in a contested case—and have followed that interpretation themselves—the Navy Court of Military Review in the present case chose a different path. After reviewing the cases just discussed and after suggesting certain factual distinctions in each which might mitigate against a broad reading of the holdings, the court below squarely faced the broad interpretation of those provisions and differed with it. Instead, the court concluded that "such testimony" as here introduced in aggravation was "clearly relevant and admissible as 'appropriate matter to aid the court in determining the kind and amount of punishment to be imposed.' Paragraph 75*a*, MCM; *United States v. Corl*, 6 M.J. 914, 916 (N.C.M.R.1979), *aff'd*, 8 M.J. 47 (C.M.A.1979 (summary disposition of issue certified for review)." The court reasoned:

To hold otherwise would be to preclude by a general rule the introduction of such

---

7. In fact, paragraph 75*b*(3) was not even cited in either of those opinions.

8. This evidence consisted of testimony by a law enforcement officer to the effect that the

amount of heroin which the accused transferred could have been divided into 37 to 42 usable quantities.

evidence which could very well be irrelevant or prejudicial on the merits of a specific case but highly relevant for sentencing purposes. *See United States v. Corl, supra.* As was said just recently, a "military judge must be provided relevant material concerning the accused" at presentencing to ensure "the tailoring of a sentence to fit the crime and the offender." *United States v. Shelwood,* 10 M.J. 755 (N.C.M.R.1981). *See generally United States v. Mack,* 9 M.J. 300, 316 (C.M.A.1980).

*United States v. Vickers, supra* at 842.

### III

In their analysis of paragraph 70a of the 1951 Manual, the draftsmen indicated that prior thereto the practice in the Army was for the Government to present a prima facie case when a plea of guilty had been entered—not only to ensure that the plea was provident "but also to show the court the circumstances of the offense so that the court may more intelligently assess a proper punishment." On the other hand, the practice in the Navy had been for findings to be entered promptly upon entry of a guilty plea and the circumstances surrounding the offense were presented after findings. Accordingly, the word "may" was used in paragraph 70a to permit both practices to continue. Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at 92.

It is at once apparent, however, that there is no indication anywhere in this analysis that the draftsmen intended to differentiate between guilty-plea cases and contested cases. What they expressly did intend was an opportunity, whatever the procedural order, for the Government to present evidence in a guilty-plea case concerning circumstances surrounding the offense so that those circumstances may be considered in arriving at an appropriate sentence. The Coast Guard, Air Force, and Army appellate courts have recognized this concern and, appropriately, have permitted, through their interpretation of the Manual, the presentation before sentence in a guilty plea case of matters which directly relate to the circumstances surrounding the instant offense. Yet, as the court below correctly observed, often the most telling of this evidence has nothing to do with guilt or innocence and, therefore, is not admissible on the merits. To interpret the Manual to allow such evidence—irrelevant on the merits but highly relevant on sentencing—after findings in a guilty-plea case, but to prohibit it in a contested case, would present the anomaly that the admissibility of relevant *sentencing* evidence would be determined by an accused's *plea.* In some instances, an accused might plead not guilty merely to exclude evidence that would be damaging as to sentence. Moreover, the decision of the trial counsel to offer certain evidence prior to findings in a contested case—or of the trial judge to receive it—might be influenced by the effect such action would have on the opportunity for the sentencing authority later to consider such evidence if the accused is convicted.

This case brightly illustrates the anomaly. The fact that appellant's disobedience of Lieutenant Cheslek's command to leave the area of a disturbance actually exacerbated the incident was not relevant to whether appellant did or did not obey the command; but these repercussions of appellant's omission, once appellant was found guilty, most certainly were relevant to the members in determining how severely appellant should be punished for his misconduct. The relevance of this evidence to an appropriate sentence is not related to the nature of the plea and to make that connection so as to preclude consideration of such evidence on sentencing in a contested case while permitting it in a guilty-plea case would be illogical and inconsistent with the intent of the Manual.

Accordingly, we hold that, regardless of the plea, the prosecution after findings of guilty may present evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority.

The decision of the United States Navy Court of Military Review is affirmed.

Judges COOK and FLETCHER concur.