# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
POND, MORRIS, and JUETTEN
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist BRENDEN C. DOYLE**
**United States Army, Appellant**

ARMY 20230116

Headquarters, Joint Readiness Training Center and Fort Johnson
Scott Z. Hughes, Military Judge
Colonel Leslie A. Rowley, Staff Judge Advocate

For Appellant: Captain Amir R. Hamdoun, JA (argued); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Mitchell D. Herniak, JA; Captain Amir R. Hamdoun, JA (on brief); Colonel Philip M. Staten, JA; Lieutenant Colonel Autumn R. Porter, JA; Major Robert D. Luyties, JA; Captain Amir R. Hamdoun, JA (on reply brief).

For Appellee: Captain Dominique L. Dove, JA (argued); Colonel Richard E. Gorini, JA; Major Marc B. Sawyer, JA (on brief).

27 March 2025

---------------------------------
SUMMARY DISPOSITION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

JUETTEN, Judge:

Appellant raises two assignments of error to challenge his sentence, one of which merits discussion but no relief.[1] Appellant alleges that the military judge

---

[1] We have given full and fair consideration to appellant's other assignments of error, to include the additional errors personally asserted by appellant pursuant to *United*

(continued . . .)

abused his discretion by permitting a witness to testify on matters in violation of the First Amendment to the United States Constitution and Rule for Court-Martial (R.C.M.) 1001 at sentencing, and he asks that his sentence be set aside. We disagree.

## BACKGROUND

A military judge sitting as a general court-martial convicted Specialist (SPC) Brenden C. Doyle, pursuant to his plea, of one specification of domestic violence in violation of Article 128b, Uniform Code of Military Justice, 10 U.S.C. § 928b [UCMJ].

The offense occurred on 25 February 2022, when Appellant violently grabbed and shook his four-month-old son, ██ while caring for him at home. His spouse, ██ was upstairs and awoke to her son's screaming. Upon reviewing video footage from a home security camera on her phone, she saw appellant had shaken ██ and she then confronted him. Appellant denied wrongdoing, claiming he was using a method to relieve gas from ██

During sentencing, the government called ██, and through her testimony introduced evidence of appellant's internet searches conducted in late November 2021, which included searches for "when will you know if your baby has shaken baby syndrome," "shaken baby syndrome symptoms," and "what can happen to a baby if they get shaken too much." The prosecution argued that these searches demonstrated Appellant's awareness of the dangers of shaking a baby, thereby aggravating the circumstances of his offense, committed three months later.

The defense objected, asserting the evidence was too remote in time and lacked a direct connection to the offense. The government's response included that "[w]hat happens if you shake a baby? This much is relevant. It's aggravating evidence because it shows that he's looked into this. He knows how bad it is, but yet he's still doing it in the video." After some back-and-forth, the military judge overruled the defense's objection and admitted the evidence. The government then introduced the screen shots ██ had captured of appellant's searches.

██ further testified as to her perception of ██'s behavioral changes following the incident, stating that he appeared sad and engaged in self-harming behavior, such as hitting his head on the wall. There was no medical testimony connecting the

(. . . continued)
*States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they lack merit and warrant neither discussion nor relief.

stated behavioral changes to any injuries related to the shaking. The government offered a printout from the Mayo Clinic regarding shaken baby symptoms and effects.

## LAW AND DISCUSSION

### *Sentencing Matters in Aggravation*

This court reviews "a military judge's decision to admit evidence for an abuse of discretion." *United States v. Hamilton*, 78 M.J. 335, 340 (C.A.A.F. 2020) (internal quotation marks omitted) (quoting *United States v. Humpherys*, 57 M.J. 83, 90 (C.A.A.F. 2002)). Military judges abuse their discretion when their "factual findings are clearly erroneous, view of the law is erroneous, or decision is outside of the range of reasonable choices." *United States v. Hutchins*, 78 M.J. 437, 444 (C.A.A.F. 2019) (citations omitted).

Appellant contends that evidence of his internet searches in November 2021—three months before the offense—were too remote and not directly related to the crime, and thus improperly admitted under R.C.M. 1001(b)(4).

Evidence in aggravation must "directly relat[e] to or result[] from the offenses of which the accused has been found guilty." R.C.M. 1001(b)(4). In *Hardison*, our superior court discussed two limitations on the admission of aggravation evidence:

> First, such evidence must be "directly relating" to the offenses of which the accused has been found guilty. . . . The second limitation is that any evidence that qualifies under R.C.M. 1001(b)(4) must also pass the test of Military Rule of Evidence (M.R.E.) 403, which requires balancing between the probative value of any evidence against its likely prejudicial impact.

*United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007) (citations omitted). Aggravation evidence "assists the sentencing authority to place the offense 'in context, including the facts and circumstances surrounding the offense.'" *United States v. Halfacre*, 80 M.J. 656, 659-60 (N. Ct. Crim. App. 2020); *see also United States v. Nourse*, 55 M.J. 229, 232 (C.A.A.F. 2001); *United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982). The "nature and circumstances of the offense" is a factor for the military judge to consider in tailoring an appropriate sentence. *See* R.C.M. 1002(f).

The language in R.C.M. 1001(b)(4) "imposes a 'higher standard' than "mere relevance." *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995). Our superior court has consistently held that the strength of the connection required between admitted aggravation evidence and the charged offense "must be direct as the rule states, and closely related in time, type, and/or often outcome, to the convicted

crime." *United States v. Hardison*, 64 M.J. 279, 281-82 (C.A.A.F. 2007) (holding appellant's admission to prior drug use was not directly related to the offense of using drugs three years later under R.C.M. 1001(b)(4)). The evidence must not be "so attenuated from the offense" to be "unfairly prejudicial, irrelevant, or merely inflammatory." *Halfacre*, 80 M.J. at 660. On the other hand, "[e]vidence of an accused's motive or other state of mind often serves a proper and useful function during the sentencing phase of a trial, for it may show aggravating or mitigating circumstances of the charged offenses." *United States v. Martin*, 20 M.J. 227, 232 (C.M.A. 1985).[2]

Here, appellant's prior searches—"shaken baby syndrome symptoms" and "what happens when you shake a baby too much"—demonstrate his awareness of the dangers of his actions. The evidence provided essential context: appellant knew the risks of violently shaking an infant but did so anyway. The Court of Appeals for the Armed Forces [CAAF] has upheld the admission of aggravating evidence to show an appellant's state of mind toward the offense. *See United States v. Grogas*, 58 M.J. 96, 99 (C.A.A.F. 1996). Our superior court has interpreted R.C.M. 1001(b)(4) to allow evidence of uncharged misconduct to show the continuous nature of the charged conduct and its full impact on the military community. *See United States v. Ross*, 34 M.J. 183, 187 (C.M.A. 1992) (allowing evidence in aggravation that the accused had altered test scores other than those for which he was convicted); *United States v. Shupe*, 36 M.J. 431, 436 (C.M.A. 1992) (allowing evidence in aggravation of the uncharged introduction onto a naval base of additional units of a drug to show knowledge). See also *Vickers*, 13 M.J. at 406 (allowing evidence directly related to an offense to be admitted "so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority").

Because we find the evidence directly related to appellant's state of mind toward the offense and its potential repercussions, we hold the military judge did not abuse his discretion in admitting this evidence.

Although the military judge did not conduct a Mil. R. Evid. 403 balancing test on the record, we may conduct our own analysis. *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). The absence on the record of the balancing test, by itself, does not provide a basis for error. *United States v. St. Jean*, 83 M.J. 109, 113 (CA.A.F. 2023)(citing *United States v. Campbell*, 71 M.J. 19, 23 (C.A.A.F. 2012)).

---

[2] The admissibility of such evidence during presentencing would be governed by R.C.M. 1001(b)(4) as opposed to M.R.E. 404(b). *See United States v. Wingart*, 27 M.J. 128, 136 (C.M.A. 1988) (concluding M.R.E. 404(b) does not provide a basis for admission of evidence during sentencing that is not otherwise admissible under R.C.M. 1001(b)(4)); *see also United States v. Tanner*, 63 M.J. 445 (C.A.A.F. 2006).

The probative value of appellant's internet searches was high, as they rebutted appellant's later minimization of his conduct. The danger of unfair prejudice was low because this was a judge-alone trial, where the military judge is presumed to know and apply the law correctly. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009). As such, after conducting the M.R.E. 403 balancing test, we do not find the prejudicial impact of the aggravation evidence outweighs its probative value to the sentencing authority. Accordingly, we find no error.

*First Amendment Challenge*

Appellant argues that the admission of his internet searches violated his First Amendment rights, as his punishment was enhanced for seeking information rather than for committing a crime. This argument is unpersuasive.

The Supreme Court has held that while protected speech cannot be criminalized, the Constitution does not create a per se bar to the admission of such evidence if there is a legitimate purpose. *Dawson v. Delaware*, 503 U.S. 159, 165 (1992).

"Conduct protected by the First Amendment may be considered in imposing sentence only to the extent that it is relevant to the issues in a sentencing proceeding." *United States v. Alvarez-Nunez*, 828 F.3d 52, 55 (1st Cir. 2016) (citing *Dawson v. Delaware*, 503 U.S. 159, 164 (1992)).[3] "Where protected conduct has no bearing on either the crime committed or on any of the relevant sentencing factors, consideration of that conduct infringes a defendant's First Amendment rights." *Id.* at 56. On the other hand, conduct otherwise protected by the First Amendment may serve as a "useful factor in determining an appropriate sentence." *United States v. Zimmerman*, 43 M.J. 782 (Army Ct. Crim. App. 1996) (concluding evidence of appellant's white supremacist views were relevant on the issue of appellant's motive, were properly admitted for consideration by the sentencing authority as proper aggravation evidence, and did not violate appellant's First Amendment rights).

Appellant's searches were relevant to the sentencing factors, appropriate to place his offense in context, and demonstrating his awareness of the dangers of his actions.

---

[3] The Court analyzed the relevancy of protected conduct under the sentencing factors in 18 U.S.C. § 3553(a). *Alvarez-Nunez*, 828 F.3d at 55. The sentencing factors in 18 U.S.C. § 3553(a) mirror the sentencing factors in R.C.M. 1002(f) including "the nature and circumstances of the offense."

Further, courts have consistently allowed consideration of pre-offense research and preparation when relevant to sentencing. *See United States v. Shupe*, 36 M.J. 431, 436 (C.A.A.F. 1993) (allowing evidence of prior drug involvement in a conspiracy case to show the accused's knowledge). The logical nexus between appellant's searches and his offense makes this evidence admissible and not a First Amendment violation.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.[4]

Chief Judge POND and Judge MORRIS concur.

FOR THE COURT:

JAMES W. HERRING, JR.
Clerk of Court

---

[4] The Entry of Judgment is amended to reflect the correct date of the incorporated Statement of Trial Results as 9 March 2023.