UNITED STATES

v.

Airman Michael V. CANTRELL, FR634–32–6698 (aka) David A. Black, 580–04–1734 United States Air Force.

ACM 31739.

U.S. Air Force Court of Criminal Appeals.

Sentence Adjudged 20 Jan. 1995.

Decided 16 Aug. 1996.

ment in the Air Force; and false swearing in a statement to an Army investigator. Articles 83, 85, 107 and 134, UCMJ, 10 U.S.C. §§ 883, 885, 907 and 934 (1988). He also pled guilty to stealing $353.64 by passing a worthless check; wrongfully appropriating more than $100.00 from a credit card issuing institution; uttering a forged stolen check in the amount of $375.00; and making and uttering seven worthless checks to the Army and Air Force Exchange Service in the total amount of $1147.14, which were drawn on an account created by deposit of the forged check. Articles 121, 123, and 123a, UCMJ, 10 U.S.C. §§ 921, 923, and 923a (1988). His approved sentence is a dishonorable discharge, confinement for 15 years, forfeiture of all pay and allowances, and reduction to E–1. The appellant asserts that his sentence is inappropriately severe because the term of confinement is excessive for his offenses. He also argues the military judge committed plain error by permitting the trial counsel to argue improperly that his prior, uncharged misconduct justified a lengthy term of confinement; the Air Force convening authority lacked jurisdiction over the offenses he committed while in the Army; and the false official statement was a lesser included offense of the fraudulent enlistment in the Air Force. We find none of the appellant's arguments persuasive, and affirm.

Appellate Counsel for Appellant: Colonel Jay L. Cohen and Major Ormond R. Fodrea.

Appellate Counsel for the United States: Colonel Jeffery T. Infelise, Lieutenant Colonel Michael J. Breslin, and Major R. Scott Howard.

Before HEIMBURG, GAMBOA, and SENANDER, Appellate Military Judges.

## OPINION OF THE COURT

HEIMBURG, Senior Judge:

Pursuant to a pretrial plea agreement, the appellant pled guilty to fraudulently enlisting in the Army on 26 March 1991 and in the Air Force on 22 April 1993; deserting from the Army on 17 July 1992 and from the Air Force on 25 August 1994; making a false official statement while applying for enlist-

## I. BACKGROUND

In early 1991 the appellant, looking for a new identity because of his criminal past, was reading the newspaper. He came across a wedding announcement and decided to take the identity of the groom, Mark Mitchell Hays. He proceeded to obtain not only the name, but the social security number, college transcript, and related family and background information of Mr. Hays. Then, on 26 March 1991, the appellant enlisted in the U.S. Army as Mark Mitchell Hays. Because of his purported college degree, the appellant received a $5,000.00 "bonus" from the Army upon enlistment and entered in the pay grade E–4. In fact, the appellant was not a college graduate. After basic training, the appellant was assigned to Fort Polk, Louisiana.

By early 1992, the appellant's assumption of Mr. Hays' name and identity became a problem for Mr. Hays and his wife when the Internal Revenue Service (IRS) mailed them a bill for more than $3,000.00 in unpaid taxes. This bill was based on the fact that both the real Mr. Hays and the appellant had filed 1991 tax returns using the same social security number. Mr. and Mrs. Hays testified that the IRS did not believe their story that the second income was not theirs, and they had to prove their innocence by locating the second "Mr. Hays." Eventually, they reached Fort Polk and persuaded Army investigators to pursue the matter. When called in by investigative agents in July 1992, however, the appellant subscribed a sworn statement in which he falsely maintained that he was the real Mark Mitchell Hays. He told agents he had never been in trouble with the law except for a speeding ticket, and steadfastly maintained that all the personal information that he had appropriated about Mr. Hays was his own.

In fact, the appellant was no stranger to the Army. Born David Alan Snyder, and adopted as David Alan Black, he had joined the Army on 18 February 1981, using the name and social security number of a high school friend, Scott Griffith Burdine. He used this false name because, even in early 1981, his criminal record (three felonies and a misdemeanor in Texas) would have prevented his lawful enlistment. During the summer after he enlisted in the Army, the appellant absented himself without leave. While absent without leave (AWOL) in the civilian community, the appellant passed a number of worthless checks and was arrested. Civilian authorities convicted him of several bad check offenses and obstruction of a police officer and returned him to the Army, which tried him by special court-martial for AWOL and fraudulent enlistment. He pled guilty and was sentenced to a bad-conduct discharge, confinement for 4 months, forfeiture of $300.00 pay per month for 6 months, and reduction to the lowest enlisted grade, E-1. That conviction and sentence were eventually affirmed.

After an interval in which the appellant garnered more felony convictions in Texas for worthless check offenses and unauthorized use of a motor vehicle, the appellant decided to try the Army again. He enlisted in the Army in 1984 using the name and social security number of Michael Eugene Christopher, a graduate of the University of Texas. After an uneventful enlistment, he was medically discharged in mid-1986 because of an ankle injury. However, the appellant continued to live as Michael Eugene Christopher. He was convicted under that name of carrying a concealed weapon in Ohio, of driving under the influence of intoxicants (DUI) in West Virginia, and of DUI and resisting arrest in Texas. The appellant violated his Ohio probation, which was suspended. In stipulated testimony, the real Mr. Christopher, a Houston, Texas, businessman, said he has twice been stopped by police and detained, in 1992 and 1994, because of outstanding warrants issued against the appellant, but in his name.

Shortly after making his false statement to Army investigators—that he was the real "Mr. Hays"—the appellant deserted the Army on 17 July 1992. As the appellant left Fort Polk, he stole a blank check from his roommate's checkbook. Using the blank check, the appellant wrote a check to himself ("Mark M. Hays") for $375.00, which he deposited at the Fort Hood National Bank to create a new account. With this new account, the appellant passed seven worthless checks at the Army and Air Force Exchange Service, totalling $1147.14.

Apparently he decided that the name Mark Mitchell Hays had outlived its usefulness, so the appellant went into the Texas State Library, Austin, and picked a new identity. This time he chose the identity of Michael Vinson Cantrell, who was born on 25 May 1965 and died in an automobile accident with his mother 3 months later. The appellant obtained Michael Vinson Cantrell's birth certificate and, using it, went about gathering sufficient documentation to "become" Michael Vinson Cantrell. He prepared a fraudulent college transcript in the name Michael Vinson Cantrell from a college he picked because of its remote location and small size.

Using his new identity documents and the fake transcript, the appellant enlisted in the

Air Force on 22 April 1993 as Michael Vinson Cantrell. As part of the enlistment process, the appellant provided false information on a security background information form on 21 January 1993. During technical training at Lowry Air Force Base (AFB), Colorado, the appellant met a female Air Force member also undergoing training and they married. The appellant, his wife, and their new son were assigned to Holloman AFB, New Mexico.

At Holloman, the appellant applied for and was issued a government American Express Travel Card, which was to be used for official Air Force travel only. Although the appellant performed no travel for the Air Force, he withdrew $7253.26 in charges on his American Express card. He made only minimal payments: $20.55 the first month, $.05 the second, and $513.71 the third.

On 25 August 1994, the appellant deserted from the Air Force, after falsely telling his wife he was going on a temporary duty assignment. He went to Jacksonville, Florida, and began work as a computer programmer. Although he did not tell his wife his location, he spoke with her by telephone several times. Finally, he gave her a telephone number, which his wife, after some deliberation, gave to an investigative agent. A sheriff's deputy, accompanied by a military investigator, arrested the appellant in his motel room in Jacksonville on 29 October 1994.

## II. WAS THE SENTENCE IMPROPERLY ENHANCED?

■ The appellant asserts the trial counsel improperly used uncharged misconduct—the appellant's lengthy prior criminal record—to argue that the appellant deserved a long sentence to confinement. Although defense counsel made no objection at trial, the appellant claims plain error. See R.C.M. 1001(g). In a separate assignment of error, the appellant argues that the military judge imposed a sentence which is too severe for his offenses. Although he does not allege it directly, his argument, in essence, is that the military judge improperly enhanced his sentence based on his prior convictions. We will consider these two allegations together.

■ It is axiomatic that an accused must be sentenced only for the offense or offenses of which he has been found guilty. A proper sentence is one tailored to the particular accused member and the nature and seriousness of the offense. United States v. Snelling, 14 M.J. 267, 268 (C.M.A.1982); United States v. Mamaluy, 10 U.S.C.M.A. 102, 27 C.M.R. 176, 1959 WL 3587 (1959).

The appellant, citing United States v. Gambini, 13 M.J. 423 (C.M.A.1982), argues that the trial counsel was guilty of urging an increased sentence based on "uncharged misconduct." His reliance on Gambini is misplaced. Airman Gambini's counsel called an investigative agent during the sentence hearing to testify that Gambini, after his apprehension for drug sale and possession, cooperated and provided information. Over defense objection, the prosecutor was permitted to elicit, on cross-examination, that Gambini told the agent about nine months of prior, uncharged, drug dealings. The Court of Military Appeals held that this uncharged criminal conduct was not relevant, and thus not admissible, in Gambini's sentence hearing.

Here there is no question of admissibility. Evidence of prior convictions, both military and civilian, is admissible and may be considered in sentencing. R.C.M. 1001(b)(3). Moreover, counsel and the appellant stipulated that all the facts the prosecutor mentioned in sentence argument, including all the prior convictions, were admissible. The only question is whether the evidence of the appellant's prior convictions was used improperly to increase the appellant's sentence.

■ The proper use of a prior conviction, like any other evidence admitted in sentencing, is limited to the basic sentencing equation. Evidence is admissible in sentencing either because it shows the nature and effects of the crime(s) or because it illumines the background and character of the offender. "[P]roper punishment should be determined on the basis of the nature and seriousness of the offense and the character of the offender." Mamaluy, 27 C.M.R. at 181.

Evidence of prior convictions does not show the "nature and seriousness of the of-

fense," but it does shed light on the "character of the offender." Since it is proper for a prosecutor to argue the character of the offender in a sentence argument, it was proper for this prosecutor to say, as he did, that the appellant's prior convictions showed:

> that this particular Accused has absolutely not been influenced by previous punishments. The previous punishments, the previous convictions, have had absolutely no impact upon his life. Have had no impact upon his mindset. And, again, I would point you to the special court-martial conviction because it specifically relates to one of the issues which we litigated over—here the last two days, and that is the fraudulent enlistment. No lessons have been learned.

We find no improper use of the evidence of the appellant's prior convictions. The prosecutor argued that his numerous prior convictions demonstrated the appellant's lack of rehabilitation potential. This was not only a fair inference from the evidence, but proper argument, since it related to the appellant's amenability to the demands of good citizenship in our society. *See Snelling,* 14 M.J. at 268.

■ Our statutory mandate is to determine sentence appropriateness. Article 66(c), UCMJ, 10 U.S.C. § 866(c) (1994). The standard of review in determining sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy,* 26 M.J. 394 (C.M.A. 1988).

■ The maximum sentence to confinement in this case was 31 years. The appellant argues that 15 years of confinement serves no societal purpose and is too lengthy for his offenses. We disagree. Although none of appellant's offenses were violent, that is not to say his crimes had no victims. His desertions deprived his units of his services and placed burdens on others to shoulder his responsibilities. His theft and worthless checks created losses for financial institutions. When he cavalierly assumed the identity of living persons, the appellant caused them and their families great difficulty and

hardship for years. In light of the gravity and impact of the appellant's offenses and his background and character, we find the approved sentence appropriate.

## III. OTHER ISSUES

■ The appellant asserts that the charge of false official statement is a lesser included offense of the charge of fraudulent enlistment in the Air Force, since the false statement was used to fraudulently enlist. He argues that, despite his trial defense counsel's failure to raise the issue at trial, the issue is not waived. He cites pre-*Teters* cases that multiplicity is not waived even when not raised at trial. *United States v. Teters,* 37 M.J. 370 (C.M.A.1993). In conclusion, he attacks this Court's decision, *United States v. Lloyd,* 43 M.J. 886 (A.F.Ct.Crim. App.1995), for its "bright line rule" that multiplicity issues are forfeited unless raised at trial.

The appellant's argument overlooks a major problem: he didn't just forfeit this multiplicity issue at trial, he affirmatively waived it. When the military judge went over the terms of the pretrial plea agreement, she noted one clause which said the appellant intended to raise this issue. The judge noted that defense counsel had not raised the issue, and asked the appellant whether he was "forced to withdraw the motion for multiplicity ... to obtain the benefit of this pretrial agreement?" The appellant replied he was not. Asked whether he "voluntarily abandoned that motion for multiplicity," the appellant replied that he did. Trial defense counsel agreed. There is no multiplicity issue before us; the appellant intentionally relinquished his known right to raise this issue. *See Schneckloth v. Bustamonte,* 412 U.S. 218, 235, 93 S.Ct. 2041, 2051–52, 36 L.Ed.2d 854 (1973).

■ Pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), the appellant also asserts the convening authority did not have jurisdiction to try him for offenses he committed while a member of the Army and prior to his enlistment in the Air Force. The appellant is incorrect. Article 2, UCMJ, 10 U.S.C. § 802 (1994). *See* R.C.M. 201(e)(3);

*United States v. Hooper,* 5 U.S.C.M.A. 391, 18 C.M.R. 15, 1955 WL 3277 (1955).

## IV. CONCLUSION

We conclude the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the appellant was committed. Accordingly the findings of guilty and the sentence are

AFFIRMED.

Judge GAMBOA concurs.

SENANDER, Judge, dissenting:

Although the sentence received by the appellant did not exceed the maximum allowed by law, a legal sentence is not necessarily an appropriate sentence. *United States v. Baker,* 29 M.J. 126 (C.M.A.1989). In reviewing a sentence to assure that justice is done and the accused gets an appropriate punishment this Court may look to lessen the severity of an otherwise lawful sentence. *United States v. Lanford,* 6 U.S.C.M.A. 371, 20 C.M.R. 87, 94, 1955 WL 3541 (1955). This 36–year–old appellant has been convicted of several non-violent offenses. Clearly appellant's offenses do not call for a period of 15 years confinement. I would find fair and just a sentence which provides for no more than a dishonorable discharge, confinement for 10 years, forfeiture of all pay and allowances, and reduction to E–1.