UNITED STATES, Appellee

v.

Christopher S. GOGAS, Airman
U.S. Air Force, Appellant

No. 01-0718

Crim. App. No. 34210

United States Court of Appeals for the Armed Forces

Argued December 10, 2002

Decided February 14, 2003

CRAWFORD, C.J., delivered the opinion of the Court, in which GIERKE, EFFRON, BAKER, and ERDMANN, JJ., joined.

Counsel

For Appellant:  Captain Antony B. Kolenc (argued); Colonel Beverly B. Knott and Major Terry L. McElyea (on brief); Lieutenant Colonel Timothy W. Murphy and Captain Patrick J. Dolan.

For Appellee:  Captain Shannon J. Kennedy (argued); Lieutenant Colonel LeEllen Coacher and Lieutenant Colonel Lance B. Sigmon (on brief).

Military Judge:  David F. Brash

**THIS OPINION IS SUBJECT TO EDITORIAL CORRECTION BEFORE FINAL PUBLICATION.**

<u>United States v. Gogas</u>, No. 01-0718/AF

Chief Judge CRAWFORD delivered the opinion of the Court.

Pursuant to his pleas, Appellant was convicted by a military judge of wrongful use and wrongful distribution of lysergic acid diethylamide (LSD), in violation of Article 112a, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 912a (2002). The convening authority approved the sentence of a bad-conduct discharge, 18 months' confinement, and reduction to the lowest enlisted grade. The Court of Criminal Appeals affirmed the findings and sentence. <u>United States v. Gogas</u>, 55 M.J. 521 (A.F. Ct. Crim. App. 2001). We granted review of the following issues:

> I.   WHETHER THE AIR FORCE COURT OF CRIMINAL
>      APPEALS ERRED IN HOLDING THAT A LETTER
>      APPELLANT WROTE TO HIS CONGRESSMAN
>      (PROSECUTION EXHIBIT 9), IN WHICH
>      APPELLANT COMPLAINED OF HIS TREATMENT BY
>      AIR FORCE AUTHORITIES, WAS PROPERLY
>      ADMITTED IN EVIDENCE DURING THE SENTENCING
>      PHASE OF HIS COURT-MARTIAL WHERE 10 U.S.C.
>      § 1034 (2002) PROHIBITS RETALIATION
>      AGAINST SERVICEMEMBERS WHO COMPLAIN TO
>      CONGRESS.
>
> II.  WHETHER THE AIR FORCE COURT OF CRIMINAL
>      APPEALS ERRED IN HOLDING THAT PROSECUTION
>      EXHIBIT 9 WAS PROPERLY ADMISSIBLE IN
>      SENTENCING UNDER RULE FOR COURTS-MARTIAL
>      1001 AS A MATTER IN AGGRAVATION AND AS A
>      MATTER RELATED TO APPELLANT'S
>      REHABILITATION POTENTIAL.

For the reasons set forth below, we affirm.

2

FACTS

On January 27, 2000, Appellant confessed to using LSD on approximately 20 occasions. During sentencing, the Government introduced, without objection, records of two instances of nonjudicial punishment under Article 15, UCMJ, 10 U.S.C. § 815 (2002). One was for Appellant's underage possession of alcoholic beverages, and the second for Appellant's failure to go to an appointed place of duty. The Government also successfully introduced three letters of reprimand for Appellant's minor disciplinary infractions.

In addition to personnel records, the Government offered a letter, dated May 11, 2000, that Appellant wrote to a Congressman requesting assistance with Appellant's impending court-martial. In the letter, Appellant recounted his "journey down the road of self-destruction," and linked it to his repeated failures to appear for work and to other disciplinary infractions. Appellant complained that the criminal charges had damaged his reputation at work, and argued that the charges were not provable because there was no physical evidence, only witness testimony.

Defense counsel objected to the letter, arguing that it was not admissible as a matter in aggravation under Rule

for Courts-Martial [hereinafter R.C.M.] 1001(b)(4), or as opinion evidence of rehabilitative potential under R.C.M. 1001(b)(5).  The Government argued that Appellant's views in the letter about whether he should be prosecuted for the offenses were evidence of a lack of rehabilitative potential.  The military judge concluded that the letter was admissible aggravation evidence because it related to the crimes in question, and that it was relevant to Appellant's rehabilitative potential.

## DISCUSSION

I.  The Government did not Retaliate Against Appellant

Appellant claims that his sentence, aggravated by the use of his letter as evidence, qualified as an unfavorable personnel action designed to punish him for writing the letter.  We disagree.

Title 10 U.S.C. § 1034(a)(1) provides that "[n]o person may restrict a member of the armed forces in communicating with a Member of Congress or an Inspector General[.]"  The statute further dictates that "[n]o person may take (or threaten to take) an unfavorable personnel action, or withhold (or threaten to withhold) a favorable personnel action, as a reprisal against a member of the armed forces for making or preparing . . . a communication to a Member of Congress or Inspector General."  10 U.S.C.

§ 1034(b)(1)(A).  The Supreme Court has highlighted the statute's purpose "to let every man in the armed services have the privilege of writing his Congressman or Senator on any subject if it does not violate the law or if it does not deal with some secret matter."  Brown v. Glines, 444 U.S. 348, 359 (1980) (quoting 97 Cong. Rec. 3776, 3877 (1951)).

It is clear that to violate 10 U.S.C. § 1034, a person must initiate a negative personnel action specifically in retaliation for a servicemember's communication with a Member of Congress.  In the present case, there is no evidence that the Government prosecuted Appellant, and that the trial counsel subsequently introduced the letter, to retaliate for any action by Appellant.  The Government charged Appellant not because he wrote a letter to a Congressman, but because he wrongfully used and distributed LSD -- offenses that occurred well before Appellant even wrote the letter.  In short, while there may be circumstances where the use of a congressional communication in the context of a court-martial proceeding

would constitute a prohibited retaliation under 10 U.S.C. § 1034, those circumstances are not present here.[1]

## II. The Letter was Proper Aggravation Evidence

Appellant further argues that the letter was improperly admitted as aggravation evidence and as evidence of a matter related to his rehabilitation potential. We hold that the letter was proper aggravation evidence. We need not address the letter's admissibility as a matter related to Appellant's rehabilitation potential, for the fact that evidence may be inadmissible under one rule does not preclude its admissibility under a different rule. United States v. Abel, 469 U.S. 45, 56 (1984); United States v. Ariail, 48 M.J. 285, 287 (C.A.A.F. 1998).

R.C.M. 1001(b)(4) permits the Government to introduce evidence of "any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." Aggravation evidence may include "evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense." Id.

---

[1] In addition to relying on the statute's prohibition against retaliatory actions, Appellant asks this Court to establish a broad privilege or public policy prohibition against use in a court-martial of communications by servicemembers to Members of Congress, even in the absence of retaliation. The remedial provisions of the statute are limited to retaliatory actions, and we decline to extend the statute further.

Moreover, this Court held in United States v. Vickers, 13 M.J. 403, 406 (C.M.A. 1982), that aggravating evidence includes "evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority."  Counsel may present such evidence through a stipulation of fact, witness testimony, or the accused's own statements. Accordingly, in United States v. Irwin, 42 M.J. 479, 483 (C.A.A.F. 1995), this Court held that a tape recording of the appellant's statement during the providence inquiry was properly admitted under R.C.M. 1001(b)(4)[2] because it was "directly related to the offenses of which [the] appellant was found guilty...."

    In accordance with R.C.M. 1001(b)(4), Appellant's letter was a statement by the accused directly relating to the offenses of which he was found guilty.  The letter revealed an aggravating circumstance: Appellant's indifference to anything other than his own pleasure. Appellant wrote, "I was living my life with blinders on and not thinking of the consequences at the time.  The only

_____

[2] R.C.M. 1001(b)(4) "is consistent with the interpretation of paragraph 75 b(3) (later amended to be paragraph 75 b(4) of MCM, 1969 (Rev.) by Exec. Order No. 12315 (July 29, 1981)) . . . [and] United States v. Vickers, 13 M.J. 403 (C.M.A. 1982)."  Manual for Courts-Martial, United States (2002 ed.) app. 21, at A21-71.

thing I was concerned with was making myself happy with using [LSD]." Indifference to the nature or consequences of criminal conduct is an aggravating factor that may be considered in determining an appropriate sentence for that misconduct.[3] The military judge did not abuse his discretion in admitting the letter as aggravation evidence. See Vickers, 13 M.J. at 406.

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

---

[3] Moreover, this Court has noted the devastating link between servicemember drug use and military performance. United States v. Bickel, 30 M.J. 277 (C.M.A. 1990)(recognizing that drugs diminish the military effectiveness of servicemembers who use them); United States v. Beeker, 18 C.M.A. 563, 565, 40 C.M.R. 275, 277 (1969) (identifying the possession of drugs by military personnel as "a matter of immediate and direct concern to the military as an act intimately concerned with prejudice to good order and discipline or to the discredit of the armed forces").