# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
SULLIVAN, COOK, and BAIME
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DONALD E. SCHEUERMAN**
**United States Army, Appellant**

ARMY 20080304

Headquarters, Fort Stewart
Tara A. Osborn, Military Judge
Colonel Margaret A. McDevitt, Staff Judge Advocate

For Appellant: Lieutenant Colonel Mark Tellitocci, JA; Lieutenant Colonel Matthew M. Miller, JA;  MAJ Grace M. Gallagher, JA; Captain Candace N. White-Halverson, JA (on brief).

For Appellee:  Colonel Denise R. Lind, JA; Lieutenant Colonel Francis C. Kiley, JA; Major Karen J. Borgerding, JA (on brief).

26 May 2009

------------------------------------
OPINION OF THE COURT
------------------------------------

SULLIVAN, Judge:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of two specifications of absence without leave (AWOL)[1] in violation of Article 86, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 886.  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twelve months, and reduction to Private E1.

---

[1] For Charge I and its Specification, appellant pled guilty to AWOL as a lesser included offense of desertion with intent to avoid hazardous duty in violation of Article 85, UCMJ.  The government did not attempt to prove up the greater charged offense.

**FACTS**

Appellant, on leave from his unit in Iraq, discovered his unit's deployment had been extended for an additional three months and decided not to return. According to his statement during the providence inquiry, he was "just going through some troubles, and [he] was struggling with the fact of whether or not [he] wanted to return . . . ." A couple of days later, appellant admitted himself to a behavioral health center complaining of suicidal and homicidal ideation. Based on his unverified statements to center personnel, appellant was diagnosed with acute post-traumatic stress disorder (PTSD).[2] Released after approximately three weeks of hospitalization, appellant eventually made his way to Fort Sill where he surrendered to military authorities. On return to the rear detachment at Fort Stewart, appellant was hospitalized for mental evaluation, diagnosed with generalized anxiety (but not appearing to have a severe anxiety disorder), and released to the rear detachment unit. Shortly thereafter, after being notified he was cleared for deployment and would be returning to Iraq, appellant again absented himself without authority for almost five months. He voluntarily terminated his AWOL when he surrendered to military authorities at the Personnel Control Facility at Fort Sill, citing PTSD and seeking an administrative discharge.

During the presentencing proceedings, the government presented testimony from appellant's platoon sergeant, Sergeant First Class (SFC) Crawford, who testified that, on a couple of occasions after appellant's return to the unit following his second AWOL, he witnessed appellant "degrade" the Army to new soldiers in the unit, saying they did not know what they were getting into, how bad the Army was, and "things along that line in general." Sergeant First Class Crawford further testified appellant's attitude and demeanor towards the Army had changed from before appellant's duty in Iraq, and it is not "good for the Army" for a soldier to "badmouth" the Army. Trial defense counsel objected that SFC Crawford was testifying on specific instances of conduct. Government counsel responded that "badmouthing the Army or talking to Soldiers about their decision to join the Army isn't misconduct." The military judge summarily overruled the defense objection, with no further articulated analysis.

On appeal, appellant asserts the military judge erred in allowing SFC Crawford's testimony. Specifically, appellant complains the testimony violated Rule for Courts-Martial 1001(b)(5) [hereinafter R.C.M.], Manual for Courts-Martial 2008 [hereinafter M.C.M.] which limits testimony on direct examination with respect to rehabilitative potential to opinion only. Appellant also asserts SFC Crawford's testimony violates R.C.M. 1105(b)(4), which limits matters in aggravation to those directly relating to or resulting from the offenses of which the accused has been

---

[2] Whether appellant was actually exposed to traumatic incidents in Iraq, presumably as triggers for PTSD, was the subject of some contention at his court-martial.

found guilty. Further, appellant asserts the military judge failed to conduct the required balancing test of Military Rule of Evidence 403 [hereinafter Mil. R. Evid.], weighing the probative value of the testimony against its potential unfair prejudice. We disagree and find no error.

**LAW AND DISCUSSION**

Rule for Courts-Martial 1001(b) outlines the scope of presentencing matters that may be presented by the prosecution. Rule for Courts-Martial 1001(b)(4) provides for evidence in aggravation, that is, "any aggravating circumstances directly relating to or resulting from the offense of which the accused has been found guilty." *Id*. Rule for Courts-Martial 1001(b)(5) provides for government opinion evidence on an accused's rehabilitative potential, within limitations. One of the limitations on such evidence is a prohibition against providing the basis for that opinion during direct examination. R.C.M. 1001(b)(5)(D), Discussion.[3]

The standard for review of a military judge's decision to admit presentencing evidence is a clear abuse of discretion. *United States v. Clemente*, 50 M.J. 36 (C.A.A.F. 1999); *United States v. Rust*, 41 M.J. 472 (C.A.A.F. 1995). Aggravation evidence is intended to permit the presentation at a court-martial of matters similar to those contained in a presentencing report in an adversarial proceeding and consistent with the rules of evidence. *Clemente*, 50 M.J. at 37 (citing Drafters' Analysis of R.C.M. 1001, M.C.M. at A-21-67).

Appellant complains the testimony of Sergeant Crawford was inadmissible under both R.C.M. 1001(b)(4) and R.C.M. 1001(b)(5). We find the evidence was properly admitted as aggravation evidence and, accordingly, "need not address the [testimony's] admissibility as a matter related to [a]ppellant's rehabilitation potential, for the fact that evidence may be inadmissible under one rule does not preclude its admissibility under a different rule." *United States v. Gogas*, 58 M.J. 96, 98 (C.A.A.F. 2003).

In *Gogas*, appellant was convicted pursuant to his pleas of wrongful use and distribution of lysergic acid diethylamide (LSD) in violation of Article 112a. During the sentencing proceedings, the government presented a letter appellant wrote to his Congressman which, among other things, included a complaint that the criminal charges had injured his reputation and could not be proven in the absence of physical evidence. 58 M.J. at 97. The Court of Appeals for the Armed Forces (CAAF) determined the letter was admissible in aggravation:

---

[3] Depending on the scope of cross-examination, however, the witness may testify on specific instances of conduct. R.C.M. 1001(b)(5)(F), Discussion.

> [A]ggravating evidence includes evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority.
>
> . . . .
>
> In accordance with R.C.M. 1001(b)(4), Appellant's letter was a statement by the accused directly relating to the offenses of which he was found guilty. The letter revealed an aggravating circumstance: Appellant's indifference to anything other than his own pleasure. Appellant wrote, "I was living my life with blinders on and not thinking of the consequences at the time. The only thing I was concerned with was making myself happy with using [LSD]." Indifference to the nature or consequences of criminal conduct is an aggravating factor that may be considered in determining an appropriate sentence for that misconduct. The military judge did not abuse his discretion in admitting the letter as aggravation evidence.

*Id*., 58 M.J. 98-99 (quoting *United States v. Vickers*, 18 M.J. 403, 406 (C.M.A. 1982)) (citations omitted).

Rule for Court-Martial 1001(b)(4) has a "rather broad ambit." *United States v. Stephens*, __ M.J. __, slip op. at 4 (C.A.A.F. 12 March 2009). Appellant's poor attitude toward military service, which, in part, motivated his multiple AWOL periods, is a circumstance surrounding his offenses.[4] "An accused's attitude toward the offense of which he has been convicted is directly related to that offense and relevant to fashioning a sentence appropriate to both the offense and the offender." *United States v. Anderson*, 25 M.J. 779, 780 (A.C.M.R. 1988)(citing *United States v. Wright,* 20 M.J. 518, 520 (A.C.M.R. 1985), *pet. denied,* 21 M.J. 309 (C.M.A. 1985); *United States v. Pooler,* 18 M.J. 832, 833 (A.C.M.R. 1984), *pet. denied,* 19 M.J. 317 (C.M.A. 1985)). "An accused's awareness of the magnitude and seriousness of a crime is admissible in sentencing, as is a remorseless attitude toward the offense

---

[4] Appellant's first AWOL began on 15 April 2007 when he was supposed to take a flight from Dallas/Fort Worth which would have landed appellant in Kuwait on 16 April 2007. Instead, on 16 April 2007, appellant posted comments on his "myspace" blog in which he commented "UNCLE FUCKING DICKHEAD COCKSUCKER SAM JUST EXTENDED MY UNIT IN IRAQ. . . . SO INSTEAD OF GOIN [SIC] BACK TODAY AND HAVIN [SIC] LIKE 7 OR 8 MONTHS LEFT, I HAVE A GODDAMNED YEAR!!!!!!!!!!!!!!!!!!"

4

committed." *United States v. Alis*, 47 M.J. 817, 825 (A.F. Ct. Crim. App. 1998) (citations omitted), *pet. denied* 19 M.J. 317 (C.M.A. 1985). An unauthorized absence is not a victimless crime; the victim is the Army, the unit, and its members. *See United States v. Cantrell*, 44 M.J. 711, 715 (A.F. Ct. Crim App. 1996), *pet. denied*, 48 M.J. 372 (C.A.A.F. 1997) (desertions deprive the unit of services and place burdens on others to shoulder responsibilities). Any statements made by an accused, before or after the commission of an offense, which relate directly or indirectly to the victim of that offense, are relevant to demonstrate the accused's lack of remorse. *See United States v. Chaves*, 28 M.J. 691, 692 (A.F.C.M.R. 1989) (lack of remorse is demonstrated by an accused "stating, maybe bragging, to others about how glad he is about the crime he has committed.").

Essentially, appellant repeatedly made derogatory remarks about his victim and now complains those remarks should not be considered in his sentencing. We disagree; appellant's remarks demonstrate a lack of remorse for the offenses of which he was convicted and, as such, are relevant in fashioning an appropriate sentence. Indeed, as our superior court has recognized, "prejudice to good order and discipline is a characteristic of all offenses under the Uniform Code." *United States v. Foster*, 40 M.J. 140, 143 (C.A.A.F. 1994) (citing *United States v. Doss*, 15 M.J. 409, 415 (C.M.A. 1983) (Cook, J., concurring)). Accordingly, the government's purpose in demonstrating appellant's continued disrespect of military authority before the sentencing authority is wholly appropriate since those statements clearly undermine morale, order, and discipline in the military.

Even where evidence is relevant, the military judge must balance its probative value against its prejudicial effect. Mil. R. Evid. 403. Where the military judge does not articulate on the record the balancing, less deference is granted to the judge's ruling. *United States v. Barnett*, 63 M.J. 388, 396 (C.A.A.F. 2006). Granting the military judge's ruling less deference, we conducted our own balancing using the factors outlined in *United States v. Berry*, 61 M.J. 91, 95-6 (C.A.A.F. 2005), and we find she did not abuse her discretion. "The relevance of an offender's attitude toward his offense 'can hardly be exaggerated.'" *Alis*, 47 M.J. at 825 (quoting *United States v. Pooler*, 18 M.J. 832, 833 (A.C.M.R. 1984)). Weighing the other *Berry* factors, we note, *inter alia*, trial was by military judge alone and SFC Crawford gave very succinct and balanced testimony in which he stated appellant's comments, on two separate instances, had the potential to affect morale but actually had no negative impact.

## CONCLUSION

Upon consideration of the entire record, the other assigned errors[5] and those matters personally asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), the findings and sentence are affirmed.

Judge COOK and Judge BAIME concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

---

[5] Although appellant asserts, *inter alia*, he was denied effective assistance of counsel, claiming "he was never informed by his trial defense counsel that [he] could submit matters to the convening authority on his own behalf, or from his wife and family," the record of trial and allied papers contain ample evidence appellant was advised of his right to submit "*any matters*" he wished the convening authority to consider prior to taking action in his case. Further, although appellant asserts he would have written a personal letter and obtained letters from others, he makes no proffer whatsoever as to potential content. In the absence of any such information and in light of trial defense counsel's clemency submission noting appellant's successful completion of four months of confinement with no additional disciplinary problems, we decline to find a basis for relief. *See United States v. Ginn,* 41 M.J. 236 (C.A.A.F. 1997) (factors upon which a claim of ineffective assistance of counsel can be rejected without evidentiary hearing include failure to set forth specific facts; only conclusory or speculative assertions are made); *see also United States v. Cornett*, 47 M.J. 128 (C.A.A.F. 1997); *see generally Strickland v. Washington*, 46 U.S. 668, 687 (1984).