**UNITED STATES**

v.

**Staff Sergeant Daniel L. RINGUETTE,
FR 501–70–4751, United States
Air Force.**

**ACM S28128.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 15 June 1989.

Decided 28 Sept., 1989.

Appellate Counsel for the Appellant: Colonel Richard F. O'Hair, Major Lynne H. Wetzell and Lieutenant Colonel Michael Sofocleous, USAFR.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Major Terry M. Petrie and Major Michael J. Breslin.

Before HODGSON, SPILLMAN and PRATT, Appellate Military Judges.

## DECISION

PRATT, Judge:

Consistent with his pleas, appellant was found guilty of burglary and assault consummated by a battery, in violation of Articles 129 and 128, UCMJ, 10 U.S.C. §§ 929, 928, respectively. He was sentenced by a special court-martial, military judge sitting alone, to a bad conduct discharge, confinement for six months, and reduction to airman basic.

On appeal, our attention is invited to (1) trial defense counsel's assertion that the military judge erred in allowing the victim to testify to uncharged misconduct during the sentencing phase of the trial, and (2) sentence appropriateness. Finding adversely to appellant on both issues, we affirm.

At 0300 hours, wearing black gloves and a black ski mask, appellant broke and entered the residence of Mrs. D, the wife of a sergeant who appellant knew was away on temporary duty at the time. During the providency inquiry, appellant acknowledged that he entered the house with the intent to assault Mrs. D by "shak[ing] my fist at her and let her come to her own conclusions about what would happen to her then or later on."

Upon seeing the masked intruder, Mrs. D screamed. Reportedly frightened by her screams, appellant placed his hand over Mrs. D's mouth and, in the struggle, pushed her to the floor pinning her beneath him. At this point, Mrs. D recognized appellant's eyes, called him by name, and begged him to stop. On hearing his name, appellant momentarily released Mrs. D, enabling her to reach up and remove his mask. After some discussion, appellant warned her not to tell anyone about the incident, and left the house.

During the sentencing phase of the trial, the prosecution called Mrs. D as a witness in aggravation. Over defense objection, she was allowed to testify to statements made by appellant, immediately following the assault, concerning his stated reason for the assault and his threats to kill her. Specifically, she testified that when she asked him why he was doing this, he responded that he was angry at her for telling his wife that he had touched her (Mrs. D's) breasts on three prior occasions. She further testified that, prior to leaving her house, appellant discussed his previous thoughts about killing her, expressed his indecision about killing her at that time, and finally told her that if she reported his break-in he would kill her or have her killed.

Although trial defense counsel relied in part on Mil.R.Evid. 404(b) analysis in opposing the admissibility of this uncharged misconduct, we hasten to point out that such analysis is inapplicable to the present issue. In *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988), the Court of Military Appeals noted that Mil.R.Evid. 404(b) provides a basis for admissibility of certain uncharged misconduct *only* in the findings portion of a trial:

> We believe, however, that once findings of guilty have been entered—whether on a plea of guilty or not guilty—Mil.R. Evid. 404(b) evidence is no longer "of consequence to the determination of the action." The probative value that this evidence might have possessed prior to findings in a contested case does not create "relevance" for purpose of sentencing.

*Id.* at 135. This is not to say that uncharged misconduct is *per se* inadmissible as sentencing evidence. It simply means that the admissibility of such evidence must be assessed under the rules applicable to that portion of the trial. R.C.M. 1001(b)(4) states that "trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." Thus, uncharged misconduct will be admissible as sentencing evidence *if* it constitutes "aggravating circumstances" within the meaning of R.C.M. 1001(b)(4). *Id.* at 136.

While we can envision some difficulty in applying this standard in close cases, we need not tarry long over the case presently before us. The evidence in issue consists of statements made by appellant himself,

during or immediately after the commission of the charged offenses, stating his motive for the offenses and threatening to kill the victim if she reported the offenses to the police.

■ An accused's motive for committing an offense is a proper consideration for the sentencing authority in the overall evaluation of the offense and the offender. *United States v. Martin*, 20 M.J. 227, 232 (C.M.A.1985) (Everett, C.J., concurring). The fact that motive for a charged offense is inextricably linked to prior misconduct does not render that motive any less relevant or the evidence thereof any less admissible. At most, in a case involving court members, a limiting instruction may be in order.

■ Similarly, threats by an accused to his victim, designed to preclude discovery of an offense, are highly probative of the impact of the offense on the victim. Victim impact is explicitly recognized as a proper aspect of aggravation. *See* R.C.M. 1001(b)(4), Discussion.

■ At trial, defense counsel argued that appellant's statements did not constitute aggravation because they were not made during the commission of the offenses. He pointed out that, at the time the statements in issue were made, both of the charged offenses had been completed. Technically, of course, this is correct. It can be said, technically, that a burglary has been completed the moment the burglar crosses the threshold of a dwelling with the required intent. Similarly, an assault consummated by a battery is complete the moment the charged "offensive touching" has occurred. However, the prosecution is entitled to present evidence directly related to the offenses for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority. *United States v. Vickers*, 13 M.J. 403 (C.M.A.1982). The facts and circumstances surrounding the commission of an offense are not artificially restricted to the temporal boundaries of the offense's legal definition. Appellant's statement of motive and his entire discussion about killing Mrs. D both took place within minutes following the assault, while appellant still held the status of an unlawful intruder in the victim's house. The latter statements were designed to threaten and intimidate the victim from reporting his crimes. Mrs. D testified that, until appellant finally left her house, she was continually in fear that she was about to be killed. As such, appellant's statements were inextricably related to his criminal course of conduct.

■ We have not the slightest difficulty finding that the statements made by appellant in this case fall well within the purview of R.C.M. 1001(b)(4). The only other criteria for the admissibility of this evidence is that its probative value is not substantially outweighed by the danger of unfair prejudice within the meaning of Mil. R.Evid. 403. *United States v. Silva*, 21 M.J. 336 (C.M.A.1986) (Everett, C.J., concurring in the result); *United States v. Martin, supra*. The military judge explicitly applied that balancing test and found in favor of admission. We concur with his determination.

After close examination of the record of trial and due consideration of all post-trial matters submitted by appellant and his counsel, we find the approved sentence to be appropriate.*

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Chief Judge HODGSON and Judge SPILLMAN concur.

---

* Following announcement of sentence, the military judge stated that he was not personally convinced that appellant had in fact threatened to kill the victim and, as a result, he did not consider the alleged threats in arriving at the sentence imposed.