**904**

UNITED STATES

v.

Staff Sergeant Keith L. CLABON,
FR367–66–7998, United States
Air Force.

ACM S28384.

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 June 1990.

Decided 22 Nov. 1991.

Appellate Counsel for the Appellant:
Colonel Jeffrey R. Owens, Lieutenant Colonel Francis T. Lacey, Major Ronald G. Morgan, and Captain Beverly B. Knott.

Appellate Counsel for the United States:
Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Lieutenant Colonel Scott W. Stucky, and Major Ann M. Mittermeyer.

Before O'HAIR, RIVES and MILLS, Appellate Military Judges.

OPINION OF THE COURT

MILLS, Judge:

The appellant, Staff Sergeant Clabon, was tried by special court-martial, with officer and enlisted members, of assault consummated by a battery and disobedience of a lawful order, in violation of Articles 128 and 92, UCMJ, 10 U.S.C. §§ 928, 892. He was found guilty by exceptions and substitutions [1] of the assault offense and guilty as charged of disobeying a lawful order. During pre-sentencing proceedings, the military judge set aside the finding of guilty of the Article 92 violation as a matter of law and entered a finding of not guilty. For the remaining assault and battery offense, the court members sentenced Clabon to a bad-conduct discharge and reduction to E–3. This sentence was approved by the convening authority.

On appeal, Clabon first asserts that the military judge erred in allowing a witness to testify regarding uncharged misconduct in aggravation during the sentencing phase of the trial. We agree.

---

1. Unlawfully "hold" the neck of MSgt M. was substituted for unlawfully "choke" the neck of MSgt M.

During the night of 15 May 1990, Clabon caught a ride home with his friend, A1C Daniels. As they were riding in Daniels' red Toyota, they drove by the home of Jenilyn L. and saw a car parked in front of her home. Jenilyn was a dancer who had formerly associated with Daniels. Clabon and Daniels stopped at Jenilyn's house where they found her and Master Sergeant M. After some discussion outside, Daniels and Clabon entered Jenilyn's house uninvited and Daniels took Jenilyn into her bedroom. When Master Sergeant M. entered the bedroom to assist Jenilyn, Clabon committed the assault of which he was convicted by holding M. by the neck with his arm.

Subsequently, Master Sergeant M. departed Jenilyn's house and went to the base to seek assistance from the town patrol. Sometime before M. and the town patrol returned to Jenilyn's home, Clabon and Daniels departed. While the town patrol was investigating the incident at Jenilyn's home, a red car went by and the town patrol, believing it might contain the appellant, pursued it unsuccessfully. The town patrol then returned to Jenilyn's home and she advised them where Clabon lived. When the town patrol arrived at Clabon's house, Clabon was asked if he was an active duty military member and he responded, "No."

During the defense presentation prior to findings, Clabon testified under oath. During cross-examination, Clabon was questioned about these post-offense incidents. He testified he did not remember being chased by the town patrol. He also testified he did not deny to the town patrol that he was a military member when they later came to his house. There was no defense objection to this broad inquiry and the trial counsel did not attempt to rebut this testimony with extrinsic evidence.

Following findings of guilty, the prosecution introduced Prosecution Exhibits (1) a personal data sheet, (2) an unfavorable information file, and (3) APRs. There were no defense objections to these exhibits. The prosecution also advised they would call two witnesses, Captain Quinn, a supervisor, regarding rehabilitation potential and Sergeant McQuade, a member of the town patrol, regarding matters in aggravation. There was no defense objection to the testimony of Captain Quinn, who testified after a proper foundation that Clabon had no rehabilitation potential.

The trial defense counsel did object to the testimony of Sergeant McQuade regarding the car chase by the town patrol and the denial by the appellant to the town patrol that he was not a military member. The defense argued that this testimony was not a proper aggravating factor within R.C.M. 1001(b)(4) because it did not involve circumstances directly relating to or resulting from the offense and it did not have any impact on the victim, on mission discipline, or the efficiency of Clabon's unit.

The military judge overruled the defense objection on the basis that the information objected to constituted "res gestae" and was directly related to the assault offense. We disagree. We find the controlling law in this case to be R.C.M. 1001(b)(4) which states:

> Evidence in aggravation. The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Except in capital cases a written or oral deposition taken in accordance with R.C.M. 702 is admissible in aggravation.

### Discussion

Evidence in aggravation may include evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused and evidence of significant adverse impact on the mission, discipline, or efficiency of the command directly and immediately resulting from the accused's offense.

An excellent analysis of R.C.M. 1001(b)(4) and its relation to Mil.R.Evid. 404(b) was set forth by then-Chief Judge Everett in the case of *United States v. Wingart*, 27 M.J. 128 (C.M.A.1988). In discussing R.C.M. 1001(b)(4) he stated:

> Clearly, uncharged misconduct will often be admissible as evidence in aggravation

under this Rule.... However, the Drafter's Analysis, 1984 Manual, supra at A 21–26, explicitly rejects the view that R.C.M. 1001(b)(4) was intended to authorize admission of evidence of uncharged misconduct merely because under some circumstances that evidence might be admissible in a contested case to prove an offense for which the accused is being tried.... We do not believe that R.C.M. 1001(b)(4) was meant to introduce into sentencing proceedings all the complex issues which are present in applying Mil.R.Evid. 404(b) in a contested case.... We believe, however, that once findings of guilty have been entered—whether on a plea of guilty or not guilty—Mil.R.Evid. 404(b) evidence is no longer "of consequence to the determination of the action." The probative value that this evidence might have possessed prior to findings in a contested case does not create "relevance" for purposes of sentencing.... Thus, in our view, uncharged misconduct is not admissible, unless it constitutes "aggravating circumstances" within the purview of R.C.M. 1001(b)(4).

*Id.* at 135–36. *See also United States v. Gordon,* 31 M.J. 30 (C.M.A.1990); *United States v. Ringuette,* 29 M.J. 527 (A.F.C.M.R.1989).

■ We previously noted there could be some difficulty in applying the R.C.M. 1001(b)(4) standard in a close case. *United States v. Ringuette, supra* at 528. In this case, the evidence in aggravation did not take place as part of the assault and battery. The car chase by the town patrol took place after the victim of the assault had departed the home of Jenilyn and sought assistance. The evidence regarding Clabon's refusal to admit he was a military member took place even later. It is not clear from the record how much time had expired from the occurrence of the assault and when these subsequent events took place. This subsequent misconduct did not shed any light on the circumstances of the assault and battery for which Clabon was found guilty. Based on the facts before us, we conclude the testimony of Sergeant

McQuade did not constitute proper "evidence in aggravation" under R.C.M. 1001(b)(4). *See Gordon, supra; Wingart, supra;* and *Ringuette, supra; see also United States v. Silva,* 21 M.J. 336 (C.M.A.1986) and *United States v. Vickers,* 13 M.J. 403 (C.M.A.1982). Thus, its admission into evidence constituted prejudicial error.

In light of this finding, we must reassess the sentence. We are satisfied that we can fairly determine the sentence that would have been adjudged absent the improper evidence in aggravation. Article 59(a), UCMJ, 10 U.S.C. § 859(a); *United States v. Peoples,* 29 M.J. 426 (C.M.A.1990); *United States v. Sales,* 22 M.J. 305 (C.M.A.1986); *see United States v. Suzuki,* 20 M.J. 248, 249 (C.M.A.1985). After we reassess the sentence, we will consider the appropriateness of the sentence, which the appellant argues is unjustly harsh considering all the circumstances in this case.

The maximum punishment that could have been imposed for the assault and battery was a bad-conduct discharge, confinement for 6 months, forfeiture of two-thirds pay per month for 6 months, and reduction to E–1. We are convinced the aggravation evidence in question was not important in adjudging the sentence. There was other more damaging evidence properly before the court members when they arrived at their sentence. Clabon's supervisor testified that the appellant had no rehabilitation potential. Also, before the court members was evidence of a prior special court-martial conviction on 2 February 1990 for a failure to go to his appointed place of duty at the time prescribed (Article 86(1), UCMJ, 10 U.S.C. § 886(1)); a letter of reprimand dated 8 November 1989 for uttering two insufficient funds checks; a letter of reprimand dated 6 December 1989 for not supporting his wife and two children since November 1988; and a letter of reprimand dated 26 February 1990 for financial irresponsibility involving failure to pay two separate debts.

■ Reassessment of a sentence to purge the effects of prejudicial error at trial does not always require a reduction of

the sentence. *See Sales*, 22 M.J. at 309. Based on the evidence properly before the court members, upon reassessment, we are convinced the adjudged sentence is no greater than that which would have been imposed if the prejudicial error had not been committed. Article 59(a), UCMJ; *Suzuki*, 20 M.J. at 249. We also find the reassessed sentence to be appropriate. It is befitting the appellant and his offense. Article 66(c), UCMJ, 10 U.S.C. § 866(c); *United States v. Healy*, 26 M.J. 394, 395 (C.M.A.1988).

Accordingly, the findings of guilty and the sentence are

AFFIRMED.

Senior Judge O'HAIR and Judge RIVES concur.

