# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39005**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Leonardo E. AGUIRRE OBREGON**
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 6 September 2017

————————————

*Military Judge:* Shelly W. Schools.

*Approved sentence:* Dishonorable discharge, confinement for 24 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 8 December 2015 by GCM convened at Joint Base San Antonio-Lackland, Texas.

*For Appellant:* Captain Allen S. Abrams, USAF.

*For Appellee:* Captain Sean J. Sullivan, USAF; Gerald R. Bruce, Esquire.

Before MAYBERRY, JOHNSON, and KIEFER, *Appellate Military Judges*.

Judge KIEFER delivered the opinion of the court, in which Senior Judges MAYBERRY and JOHNSON joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

KIEFER, Judge:

A military judge sitting as a general court-martial convicted Appellant, consistent with his pleas and a pretrial agreement (PTA), of four specifications of

assault consummated by battery of children under 16 years of age, in violation of Article 128, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 928. The court-martial sentenced Appellant to a dishonorable discharge, confinement for 24 months, forfeiture of all pay and allowances, and a reduction to E-1. The convening authority approved the dishonorable discharge, confinement for 24 months, and a reduction to E-3. The convening authority also deferred the adjudged and mandatory forfeitures until action and waived the mandatory forfeitures for six months after action for the benefit of Appellant's dependent children, pursuant to Articles 57 and 58b, UCMJ, 10 U.S.C. §§ 857, 858b.

Appellant asserts four assignments of error: (1) Whether the military judge abused her discretion when she permitted trial counsel to present rebuttal evidence based on facts that were not presented by the Defense; (2) whether the military judge, sitting alone, committed prejudicial error by deciding, over Defense objection, to allow sentencing argument prohibited by *United States v. Frey*, 73 M.J. 245 (C.A.A.F. 2014); (3) whether the staff judge advocate's recommendation (SJAR) contained plain and prejudicial error by incorrectly stating the results of the court-martial proceedings; and (4) whether the transcript is substantially non-verbatim.[1] We find no prejudicial error and affirm.

## I. BACKGROUND

This case centers on allegations that Appellant physically abused young children under his care. In 2008, Appellant lived with his girlfriend JM who had two children. On a trip while visiting friends, Appellant found JM's 19-month-old daughter and three-year-old son playing with a hot glue gun. In response, Appellant placed the tip of the hot glue gun on each child's hand, causing blistering and scarring.[2] At trial, Appellant admitted that his actions caused extreme pain to the children and was excessive and unnecessary because he could have simply instructed the children to stop playing with the hot glue gun.

Appellant also has a biological son with EE. In June 2009, pursuant to a custody arrangement, Appellant had visitation with his son every other weekend. One day while visiting Appellant, his then-two-year-old son threw a toy. Later that same day, the child threw food. On both occasions, Appellant responded by striking his son on the shoulder, hips, and buttocks with his hand. When the child returned to his mother, she noticed that he did not want to sit

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

[2] Appellant was only charged with burning the 19-month-old girl. As part of the PTA, he agreed not to object to the introduction of evidence concerning the burning of the three-year-old boy.

and later observed blood in his diaper. When EE confronted Appellant, he claimed the injuries were from a bicycle accident.

EE took the child to the hospital where he was admitted as a Level II trauma patient and remained in the hospital for three days. The medical staff informed EE that the child's injuries were not consistent with a bicycle accident. Based on an investigation into this incident, Appellant's custody rights were suspended.

During the providence inquiry, Appellant admitted that the injuries his son sustained were part of Appellant's effort to discipline him, but the amount of force used was excessive and inappropriate for the circumstances.

By 2014, Appellant's visitation rights had been restored. In December 2014, in an attempt to discipline his then-seven-year-old son, Appellant forced the boy to hold books in each hand with outstretched arms. When his son could no longer hold the books and started to cry, Appellant pinched his arms leaving significant bruising. When the child was still unable to hold the books, Appellant referred to a movie they had recently watched and told his son he would hold a lighter under his arms as further motivation to hold the books.[3] Later that weekend, Appellant's son was running in the house when Appellant struck him in the chest with a partially closed fist.

A few days later, EE noticed bruising on her son's arms and reported it to child protective services (CPS). CPS took photographs of the injuries and coordinated with law enforcement to conduct a child forensic interview. At trial, Appellant admitted the force he used on each occasion with his son was excessive and unnecessary.

Specification 1 addressed Appellant striking his son in the chest with a partially closed fist. Specification 2 dealt with Appellant pinching his son's arms, and Specification 4 covered Appellant striking his son's shoulder, hips, and buttocks. Specification 5 addressed Appellant burning the 19-month-old girl's hand with a hot glue gun. At trial, Appellant pleaded guilty to Specifications 1 and 2 as charged, Specification 4 by excepting the words "and a belt," and Specification 5 by excepting the word "arm" and substituting the word "hand" to describe the area burned.

---

[3] Appellant claimed this was a joke and that his son incorrectly told authorities Appellant actually held a lighter to his arm. Specification 3 alleged that Appellant burned his son's arms with a cigarette lighter. As part of the PTA, the Government withdrew and dismissed Specification 3.

## II. DISCUSSION

### A. Sentencing Evidence

Appellant argues that it was error for the military judge to admit rebuttal evidence from EE in sentencing regarding the fact that Appellant did not regularly exercise his custody rights, at times his son did not want to visit Appellant, and the boy was often quiet and reserved after visits with his father.

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Eslinger*, 70 M.J. 193, 197 (C.A.A.F. 2011).

Rule for Courts-Martial (R.C.M.) 1001(c)(2)(C) authorizes the Government to rebut statements of fact in an unsworn statement. The "scope of rebuttal is defined by evidence introduced by the other party." *United States v. Saferite*, 59 M.J. 270, 274 (C.A.A.F. 2004) (quoting *United States v. Banks*, 36 M.J. 150, 166 (C.M.A. 1992)). "[T]he function of rebuttal evidence is to explain, repel, counteract or disprove the evidence introduced by the opposing party." *Banks*, 36 M.J. at 166 (quoting *United States v. Hallum*, 31 M.J. 254, 255 (C.M.A. 1990)). "[W]here a party opens the door, principles of fairness warrant the opportunity for the opposing party to respond, provided the response is fair and is predicated on a proper testimonial foundation." *Eslinger*, 70 M.J. at 198.

Sentencing evidence "is subject to the balancing test of Mil. R. Evid. 403." *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000). "When a military judge conducts a proper balancing test under Mil. R. Evid. 403, the ruling will not be overturned unless there is a 'clear abuse of discretion.'" *Id.* (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)). However, we afford less deference if a military judge fails to articulate their balancing analysis, and no deference if they fail to conduct a balancing test. *Id.*

Here, the military judge permitted the Government to present evidence that Appellant did not consistently exercise his custody rights, and visits with his son were not always positive experiences for the child. The Government offered this evidence in rebuttal to Appellant's unsworn statement which stated in part:

> Although part of the reason I am being sentenced is for hurting [my son], I still love him and I want to be able to see him, watch him grow, go to sporting events, school events, and show him that I love him. I know that I have really messed up, but I will not give up on the chance of having a healthy and long relationship with my children.

Appellant also offered several photos of his smiling son and him, thereby giving the impression of a positive relationship between the two, and Appellant discussed how hard he fought to obtain visitations with his son.

The child's mother EE testified in rebuttal that Appellant only requested visitation every other month, far less than authorized, and except for two days before the trial in December 2015, Appellant had not requested any visitation since September 2015. She also testified that her son would often ask if he had to go to the visitation sessions with his father, and after the visits, the child would be unusually quiet. The military judge ruled that this evidence was proper rebuttal to Appellant's unsworn statements and the claims of the positive experiences he and his son had together.

The military judge did not conduct a Mil. R. Evid. 403 balancing test. Thus, we afford no deference to her ruling admitting this rebuttal evidence. Considering this issue *de novo*, we find that Appellant, through his unsworn statements and other evidence, raised the circumstances of his relationship with his son and opened the door to his visitations. EE's rebuttal testimony was an appropriate means of explaining, counteracting, or disproving Appellant's evidence and provided additional context to the relationship, and thus had probative value. We further find the potential for unfair prejudice was low, given the evidence at issue and the fact that this was a trial before military judge alone. We are satisfied that "the military judge was able to sort through the evidence, weigh it, and give it appropriate weight." *Manns*, 54 M.J. at 167.

Accordingly, the admission of this rebuttal evidence was not an abuse of discretion, and we find no error.

**B. Sentencing Argument**

In his second assignment of error, Appellant raises six issues with regard to trial counsel's sentencing argument: (1) Appellant should not be punished more harshly because he was a medical professional; (2) trial counsel stared at Appellant throughout his argument; (3) trial counsel argued medical and scientific conclusions regarding the children's injuries and their responses to Appellant's abuse without expert testimony; (4) trial counsel attempted to place the military judge in the position of one of the victims; (5) trial counsel made numerous references to Appellant's lies; and (6) it was improper to argue that Appellant was likely to abuse his newborn son who was not the subject of any specifications at trial. Issues 1 and 2 drew Defense objections that the military judge sustained. Trial defense counsel did not object to issues 3 and 4. Trial counsel was permitted to argue issues 5 and 6 over Defense objection.

Improper argument is a question of law that we review de novo. *Frey*, 73 M.J. at 248. "The legal test for improper argument is whether the argument was erroneous and whether it materially prejudiced the substantial rights of the accused." *Id.* (quoting *United States v. Baer*, 53 M.J. 235, 237 (C.A.A.F. 2000)). We must be "confident that [the appellant] was sentenced on the basis of the evidence alone." *Id.* (quoting *United States v. Halpin*, 71 M.J. 477, 480

(C.A.A.F. 2013)). When there is no objection at trial, we review a trial counsel's sentencing argument for plain error. *Halpin*, 71 M.J. at 479. Under a plain error analysis, an appellant must show "(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right." *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). We consider a trial counsel's statements in the context of the entire court-martial. *United States v. Carter*, 61 M.J. 30, 33 (C.A.A.F. 2005).

Certain types of argument are generally impermissible in military practice. For example, trial counsel may not inject into argument "irrelevant matters, such as personal opinions and facts not in evidence." *United States v. Schroder*, 65 M.J. 49, 58 (C.A.A.F. 2007). Trial counsel also may not make arguments that "unduly . . . inflame the passions or prejudices of the court members." *Frey*, 73 M.J. at 248.

Trial counsel may not use an accused's duty status to argue for a harsher sentence without a specific link between the crime and the duty status. *United States v. Rhodes*, 64 M.J. 630, 631 (A.F. Ct. Crim. App. 2007), *aff'd*, 65 M.J. 310 (C.A.A.F. 2007).

Trial counsel also may not "ask court members to place themselves in the shoes of the victim or a near relative." *Id.*; *see also Marsh*, 70 M.J. at 107 ("Trial counsel's invitation to the court members to imagine themselves as potential future victims only served to inflame a fear as to what might happen if the panel did not adjudge a discharge.").

Additionally, "calling the accused a liar is a 'dangerous practice that should be avoided.'" *United States v. Fletcher*, 62 M.J. 175, 182 (C.A.A.F. 2005) (quoting *United States v. Clifton*, 15 M.J. 26, 30 n.5 (C.M.A. 1983)). "[F]alse statements about an offense made sometime after the offense are not admissible as evidence in aggravation." *United States v. Lafollette*, No. ACM 38174, 2014 CCA LEXIS 10, *12–14 (A.F. Ct. Crim. App. 14 Jan. 2014) (unpub. op.) (citing *United States v. Clabon*, 33 M.J. 904, 905–06 (A.F.C.M.R. 1991)); *see* R.C.M. 1101(b)(4).

Conversely, statements that are an "integral part of [the] criminal course of conduct and . . . explain how [the accused] attempted to carry out his scheme . . . 'directly relate[ ] to the offense for which . . . [the accused was] to be sentenced,'" and thus may be admissible. *United States v. Silva*, 21 M.J. 336, 337 (C.M.A. 1986) (quoting *United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982)). Also, an accused's "lack of remorse is relevant to his rehabilitation potential," and false statements about an offense may demonstrate a lack of remorse. *United States v. Condon*, No. ACM 38765, 2017 CCA LEXIS 187, *75 (A.F. Ct. Crim. App. 10 Mar. 2017) (unpub. op.); *see* R.C.M. 1001(b)(5); R.C.M. 1001(f)(2).

Finally, an argument regarding potential recidivism is generally "a question requiring expert testimony, empirical research, and scientific and psychological method, inquiry, and evidence. Recidivism is not a matter resolved through appeal to common sense or a member's knowledge of 'the ways of the world.'" *Frey*, 73 M.J. at 250.

We presume that the military judge knows and follows the law absent clear evidence to the contrary, and we "presume that the military judge is able to distinguish between proper and improper sentencing arguments." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007). This is true regardless of whether the military judge states on the record what portion of the argument is improper and will not be considered. *Id.*

### 1. Issues on which the military judge sustained defense objections.

The military judge sustained defense objections to trial counsel's argument regarding an increased sentence for Appellant's duty status and trial counsel staring at Appellant during argument. We presume the military judge followed her rulings and did not consider these matters during sentencing deliberations. Thus, we find no error.

### 2. Issues on which there was no defense objection.

For the first time on appeal, Appellant argues that it was error for the military judge to permit trial counsel to argue medical conclusions related to the victim's injuries and scientific conclusions regarding the impact of the offenses on the children.

The military judge did not err in permitting trial counsel to argue, without objection, that the injuries to JM's three-year-old daughter, which were severe enough to cause scarring seven years later, were not the result of a "minor" burn and that Appellant's son "regressed" after the assaults. These were reasonable inferences from the evidence presented and did not cross into the realm of expert opinion.

Appellant also argues now for the first time that it was error for trial counsel to ask the military judge to place herself in the victim's shoes. In fact, trial counsel only asked the military judge to consider the moment when one of the offenses occurred. "[A]sking the [fact finder] to consider the fear and pain of the victim is conceptually different from asking them to put themselves in the victim's place." *See Baer*, 53 M.J. at 238. Further, we are confident the military judge knew and understood the law and did not improperly consider this evidence or argument in sentencing deliberations. Thus, we find no error.

### 3. Issues on which argument was permitted over defense objection.

Trial counsel mentioned numerous times throughout sentencing argument that Appellant lied regarding the offenses, and such lies constituted a lack of

remorse and rehabilitative potential. This was a proper area of argument and a fair inference from the evidence in the stipulation of fact and the providence inquiry. Trial counsel's argument did not improperly infringe on Appellant's right to remain silent. Based on the facts in this case, it was not error for the trial counsel to argue Appellant's lies evidenced a lack of rehabilitative potential.

Appellant has argued that trial counsel's repeated use of the term "lie" had an improper cumulative impact. Even if trial counsel's argument regarding Appellant's lies was excessive, we are convinced the military judge was not improperly influenced by it. Although the military judge did not sustain the Defense objection, she correctly noted that the arguments of counsel were not evidence and that she would give the argument only the weight it deserved. We find no evidence that the military judge was improperly swayed by the argument. Thus, even assuming that trial counsel's argument was improper, it did not materially prejudice the substantial rights of Appellant. We are confident Appellant was sentenced on the basis of the evidence alone.

Trial counsel's argument that Appellant was "likely to abuse" his newborn son was improper. The Government did not present evidence of recidivism. While protection of society is a generally recognized principle of sentencing, it is not a blanket authorization to argue that a convicted servicemember will likely be a repeat offender. Thus, we find the military judge erred by allowing argument on recidivism over Defense objection.

Despite this error, we are convinced that Appellant was sentenced on the basis of the evidence alone. The improper reference to Appellant's recidivism constituted two sentences of an argument that covered more than ten pages in the record of trial. Appellant has not offered a specific argument as to how this improper inference influenced the military judge, and we find no evidence in the record that it did. The maximum punishment in this case included eight years of confinement. Trial counsel argued for 30 months of confinement, and the adjudged sentence included 24 months of confinement. In the PTA, Appellant negotiated a confinement cap of 24 months. Thus, the adjudged sentence was within the range of possible punishments, was less than the amount trial counsel suggested, and equal to the amount Appellant bargained for in the PTA with respect to the period of confinement. The evidence before the military judge was that Appellant had repeatedly abused two children, including one instance of abuse that required a three-day hospital stay. The improper argument regarding potential recidivism did not prejudice the substantial rights of Appellant, and we are convinced that Appellant's sentence was based on the evidence admitted at trial and not any improper argument.

**C. Staff Judge Advocate Recommendation**

Prior to trial, Appellant entered into a PTA with the convening authority. As part of the PTA, Appellant agreed to plead guilty to Specifications 1 and 2, guilty to Specification 4 by excepting the words "and a belt," and guilty to Specification 5 by excepting the word "arm" and substituting the word "hand." Appellant further agreed to waive any objection to the Government amending the dates in Specification 5. None of these changes were reflected on the charge sheet before arraignment; however, the parties and the military judge treated the amendment to the dates in Specification 5 as if it had been made before the entry of pleas.

Appellant entered pleas with the agreed upon exceptions and substitutions. Pursuant to his pleas, the military judge found Appellant guilty of Specifications 1 and 2 as charged and guilty of Specifications 4 and 5 as modified by the agreed upon exceptions and substitutions. Prior to entry of findings, the Government indicated it did not intend to go forward on Specification 3. The military judge, however, did not state on the record at that point that Specification 3 was withdrawn and dismissed nor did she enter a finding for Specification 3. After announcing sentence, the military judge stated that Specification 3 was withdrawn and dismissed. At some point, the Government made pen and ink changes to the charge sheet for Specifications 4 and 5.

The SJAR informed the convening authority that a summary of the charges, specifications, pleas, findings, and sentence was contained in the Report of the Results of Trial (RRT) attached to the SJAR. Under the "Arraigned" column, the RRT should have reflected Specification 4 as charged; however, it incorrectly stated that Appellant had been arraigned on an offense that did not include the words "and a belt" and the words "shoulders, hips, and."[4] The RRT correctly reflected both the plea and finding for Specification 4. With respect to Specification 5, the RRT correctly reflected the exceptions and substitutions, but it failed to include the amended charged time frame agreed to in the PTA. Appellant was provided a copy of the SJAR and attachments, but he did not object to the erroneous RRT during post-trial processing.

We review post-trial processing de novo. *United States v. Parker*, 73 M.J. 914, 920 (A.F. Ct. Crim. App. 2014). However, failure to timely comment on matters in an SJAR forfeits a claim of error in the absence of plain error. *Id.*;

---

[4] The Court-Martial Order (CMO) also includes errors with respect to Specification 4. The CMO should include Specification 4 as charged; however, it is missing the excepted language "and a belt" and the words "shoulders, hips, and" which were never removed or excepted. This appears to be merely an oversight resulting in no prejudice to Appellant. Nonetheless, we direct promulgation of a corrected CMO to remedy these mistakes.

R.C.M. 1106(f)(6); *United States v. Scalo*; 60 M.J. 435, 436 (C.A.A.F. 2005). "To prevail under a plain error analysis, [the appellant must show] that: '(1) there was an error; (2) it was plain or obvious; and (3) the error materially prejudiced a substantial right.'" *Scalo*, 60 M.J. at 436 (quoting *United States v. Kho*, 54 M.J. 63, 65 (C.A.A.F. 2000)).

Because of the highly discretionary nature of the convening authority's action on a sentence, we may grant relief if an appellant presents "some colorable showing of possible prejudice." *Kho*, 54 M.J. at 65 (quoting *United States v. Wheelus*, 49 M.J. 283, 289 (C.A.A.F. 1998)).

Here, there is no reasonable possibility that a correct RRT would have resulted in a more favorable recommendation by the SJA or corrective action by the convening authority. The RRT informed the convening authority that Appellant had been arraigned on specifications that were less serious than those on which he was actually arraigned. Further, the RRT correctly noted Appellant's pleas and the offenses on which he was convicted, which included modified, less serious, language.

Moreover, we are convinced that despite the errors in the "Arraigned" section of the RRT, the convening authority was properly advised of the specifications of which Appellant was convicted, and the convening authority would not have taken more favorable action even if there were not minor errors. As such, there is no colorable showing of possible prejudice from the errors in the SJAR attachment.

## D. Substantially Verbatim Transcript[5]

The beginning of the authenticated transcript reflects the following discussion between the military judge and Appellant:

> MJ: Sergeant Aguirre –-
>
> [The accused stood.]
>
> MJ: Go ahead and have a seat, Sergeant Aguirre. I'm going to be going over your rights with you this morning and you can remain seated unless I specifically ask you to stand. Okay?
>
> ACC: Yes, ma'am.
>
> MJ: Go ahead and have a seat.
>
> [The accused resumed his seat.]

---

[5] This issue is raised pursuant to *Grostefon*, 12 M.J. 431.

> MJ: My understanding, Sergeant Aguirre, is that although you actually have a hyphenated last name, you only go by Sergeant Aguirre. Is that correct?
>
> ACC: That is correct, ma'am.
>
> MJ: Okay. That's what I'm going to refer to you as, then.

On appeal, Appellant alleges that there was "[a]n ensuing exchange during which Appellant explained to the military judge that his name was not, in fact, hyphenated" which "is not in the record of trial." Appellant provides no evidence, such as an affidavit, of the supposed missing portion of the record of trial.

We review de novo whether a record is complete and a transcript is verbatim. *United States v. Davenport*, 73 M.J. 373, 376 (C.A.A.F. 2014). In assessing if a record is complete or a transcript is verbatim, the threshold question is "whether the omitted material was 'substantial,' either qualitatively or quantitatively." *United States v. Lashley*, 14 M.J. 7, 9 (C.M.A. 1982); *cf. United States v. Gaskins*, 72 M.J. 225, 229 (C.A.A.F. 2013) (stating that a "substantial" omission makes a record incomplete).

An appellant bears the initial burden of proving that the record is incomplete. *See Asif v. United States*, NMCCA 200601040, 2008 CCA LEXIS 625, at *5 (N-M. Ct. Crim. App. 22 Apr. 2008) (unpub. op.) ("In this case, the petitioner has failed to demonstrate that the omissions he alleges are substantial."). "'[W]hen there is a substantial omission from the record, a presumption of prejudice arises' that the Government has the responsibility of rebutting." *United States v. Santoro*, 46 M.J. 344, 346 (C.A.A.F. 1997) (quoting *United States v. Gray*, 7 M.J. 296, 298 (C.M.A. 1979)).

A transcript may be deemed "substantially verbatim" even though it has certain omissions. *Davenport*, 73 M.J. at 377. In contrast, omissions are qualitatively substantial if the substance of the omitted material "related directly to the sufficiency of the Government's evidence on the merits," and "the testimony could not ordinarily have been recalled with any degree of fidelity." *Lashley*, 14 M.J. at 9. Omissions are quantitatively substantial unless "[t]he totality of omissions . . . becomes so unimportant and so uninfluential when viewed in the light of the whole record, that it approaches nothingness." *United States v. Nelson*, 13 C.M.R. 38, 43 (C.M.A. 1953).

Appellant has presented no evidence supporting his claim of a missing portion of the transcript. Without such evidence, we conclude that Appellant has failed to meet his initial burden of demonstrating that there is an omission. Even assuming that a further discussion about the hyphenation of Appellant's last name occurred, this omission would be insubstantial. Whether or not Appellant's name is hyphenated did not impact whether he was the proper person

on trial or the merits of this guilty plea case. Therefore, the transcript is substantially verbatim, and Appellant was not prejudiced by any alleged omission.

## III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court