# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM 39301**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Zacarie J. TANNER**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 5 February 2019

————————————

*Military Judge:* L. Martin Powell.

*Approved sentence:* Dishonorable discharge, confinement for 5 years, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 30 May 2017 by GCM convened at Joint Base Langley-Eustis, Virginia.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Captain Michael T. Bunnell, USAF; Mary Ellen Payne, Esquire.

Before MAYBERRY, MINK, and KIEFER, *Appellate Military Judges*.

Judge KIEFER delivered the opinion of the court, in which Chief Judge MAYBERRY and Judge MINK joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

————————————

KIEFER, Judge:

A military judge convicted Appellant, pursuant to his pleas and a pretrial agreement (PTA), of two specifications of sexual assault of a minor, both on

divers occasions, one specification of sexual abuse of a minor, and one specification of distribution of child pornography in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934. The military judge sentenced Appellant to reduction to the grade of E-1, forfeiture of all pay and allowances, confinement for eight years, and a dishonorable discharge. The terms of Appellant's PTA limited confinement to a maximum of five years. The approved sentence included reduction to the grade of E-1, forfeiture of all pay and allowances, confinement for five years, and a dishonorable discharge.[1]

Appellant alleges a single assignment of error: whether the military judge abused his discretion by admitting evidence of photographs and text messages that were not related to any of the offenses of which Appellant was convicted.[2] We find no error and affirm the findings and sentence.

## I. BACKGROUND

Appellant, an airman first class assigned to Joint Base Langley-Eustis, Virginia, first met MN when she was 12 years old. In early 2015, when MN was 13, Appellant became a volunteer coach for MN's softball team, which was composed mostly of military dependents 12–14 years old. Appellant continued in this role during 2015 and 2016.

Initially, Appellant saw MN primarily at practices and games. He also had contact with her via social media and texted with MN regularly. Over time, Appellant began to show MN more attention than the other girls on the team and started to engage in various forms of physical contact including "close hugs," tickling, and putting his arm around her. On several occasions in 2015, Appellant stayed overnight at the head softball coach's house when MN and other players were present for team sleepovers. During some of these sleepovers, Appellant slept in the same chair with MN.

In June and July 2015, during team sleepovers, Appellant had sexual intercourse with MN on two occasions. Additionally, in July 2015, MN performed oral sex on Appellant on two occasions. At some point during the relationship,

---

[1] We note the unexpurgated Court-Martial Order (CMO) is not included in the record of trial. The record contains a correct expurgated CMO as well as an expurgated CMO that does not accurately reflect the convening authority's action, as it is missing forfeiture of all pay and allowances as part of the approved sentence. Though we note this error, it has no bearing on our ability to review this case under Article 66, UCMJ, 10 U.S.C. § 866.

[2] This issue was raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

MN sent Appellant a full-frontal nude picture of herself in a bedroom. The photograph depicted MN's breasts and genitals, and Appellant admitted the picture showed MN engaging in sexually explicit conduct. In October 2015, Appellant exchanged text messages with his then-girlfriend BT.[3] In these text messages, Appellant discussed his relationship with MN, and he attached the nude photograph of MN that showed her breasts and genitals. In so doing, Appellant knowingly and wrongfully distributed an image of child pornography. In November 2015, Appellant sent a picture of his penis to MN, which constituted a lewd act and was the basis for Appellant's guilty plea to sexual abuse of a minor.

As part of the investigation of this case, the Air Force Office of Special Investigations (AFOSI) conducted a forensic analysis of cell phones belonging to Appellant and MN. Through this process, AFOSI retrieved numerous text messages between Appellant, MN, and BT as well as several photographs of Appellant and MN.

During pre-sentencing proceedings, the Government called a witness from the AFOSI to lay a foundation for items retrieved through the cell phone forensic analysis. The Defense objected to the admission of certain pieces of that evidence, including: (1) a photograph of Appellant and MN in the front seat of a car with Appellant's tongue in MN's hair; (2) a picture of MN's genitalia that MN sent to Appellant in November 2015; (3) select text messages from November and December 2015 between Appellant and MN; and (4) text messages from October 2015 between Appellant and BT discussing Appellant's and MN's relationship.[4] The Defense maintained the evidence was improper sentencing evidence. The Government argued the photographs and text messages were evidence in aggravation, pursuant to Rule for Courts-Martial (R.C.M.) 1001(b)(4). The military judge admitted the evidence on this basis.

## II. DISCUSSION

### A. Law

We review a military judge's decision to admit or exclude evidence for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010)

---

[3] At the time of the alleged offenses, BT was Appellant's girlfriend. Sometime between the offenses and trial, BT became Appellant's wife.

[4] Trial defense counsel also objected to many of the challenged text messages as hearsay. The military judge addressed these objections at trial finding the text messages were either non-hearsay statements offered not for the truth of the matters asserted but instead for their effect on the listener or exceptions to hearsay as present sense impressions or statements of then-existing mental state. Appellant has not raised any issue on appeal concerning the military judge's denial of the hearsay objections at trial.

(citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). A military judge's ruling constitutes an abuse of discretion if it is "'arbitrary, fanciful, clearly unreasonable,' or 'clearly erroneous.'" *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010) (quoting *United States v. McElhaney*, 54 M.J. 120, 130 (C.A.A.F. 2000)). It is also an abuse of discretion for the military judge to fail to properly follow the appropriate legal framework for considering evidence. *United States v. Ellis*, 68 M.J. 341, 344 (C.A.A.F. 2010) (citation omitted).

A trial counsel may "present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty." R.C.M. 1001(b)(4). "The meaning of 'directly related' under R.C.M. 1001(b)(4) is a function of both what evidence can be considered and how strong a connection that evidence must have to the offenses of which the accused has been convicted." *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007).

Matters in aggravation must be used for an appropriate purpose, for example, informing the sentencing authority regarding the charged offense and "putting appellant's offenses into context." *See United States v. Nourse,* 55 M.J. 229, 232 *(*C.A.A.F. 2001*)*. "[A]ggravating evidence includes 'evidence which is directly related to the offense for which an accused is to be sentenced so that the circumstances surrounding that offense or its repercussions may be understood by the sentencing authority.'" *United States v. Gogas*, 58 M.J. 96, 98 (C.A.A.F. 2003) (quoting *United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982)). Further "[a]n accused's attitude toward the offense of which he has been convicted is directly related to that offense and relevant to fashioning a sentence appropriate to both the offense and offender." *United States v. Alis*, 47 M.J. 817, 825 (A.F. Ct. Crim. App. 1998) (citing *United States v. Anderson*, 25 M.J. 779, 781 (A.C.M.R. 1988)).

**B. Analysis**

Here, as at trial, Appellant asserts that the Government failed to establish a sufficient nexus between the challenged evidence and the crimes of which Appellant was convicted. Appellant argues that, because the challenged evidence does not directly depict or address sexual contact with a minor or distribution of child pornography, it is inadmissible in sentencing.

In this case, the photograph of Appellant and MN in the car with Appellant's tongue in MN's hair demonstrates the close nature of their relationship. While not directly depicting sexual acts, the photograph nonetheless helps establish an intimacy between Appellant and the underage minor whom he was convicted of sexually assaulting and abusing and thus provides context for the sentencing authority concerning the relationship between Appellant and his

victim. We also note this picture was part of a 34-page text message string Appellant agreed to include as an attachment to the Stipulation of Fact.[5]

The challenged text messages between Appellant and MN from November and December 2015 include multiple intimate references, provide context concerning the sexual nature of their relationship, and support the offenses of which Appellant was convicted. Additionally, we again note that Appellant agreed to include 34 pages of text messages between MN and him from 18 November through 8 December 2015 as part of the Stipulation of Fact. The challenged text messages were from the same running conversation and provide additional information regarding Appellant's and MN's relationship and their continued discussions regarding sex. Further, the challenged November text messages occurred within a few days of Appellant sending MN the picture of his penis, which was the underlying act for his sexual abuse of a minor conviction. The challenged November messages are directly related to the nature of their relationship at the time of that offense. The November and December text messages also show Appellant's attitude about his sexual offenses in that he had sexual intercourse and oral sex with MN in the summer of 2015, and he continued a sexually-related relationship with this underage minor months later.

The picture of MN's genitalia is also directly related to the offenses of which Appellant was convicted. First, the picture was imbedded within the challenged November 2015 text message string between Appellant and MN discussed above. These text messages demonstrate the nature of the relationship between Appellant and MN, including their continued sexual communications. The photo of MN's genitalia imbedded within a text message string also provides further evidence of Appellant's ability and willingness to engage in sexual communications in virtually the same manner that he committed his sexual abuse of a minor and distribution of child pornography offenses—through the use of text messages with attached photographs. The circumstances related to Appellant sending a picture of his penis to MN, distributing MN's fully nude and sexually explicit photograph to BT, and the communications that included the depiction of MN's genitalia all occurred within a few weeks in the fall of 2015 in similar text message strings.

Finally, the challenged text messages between Appellant and BT are directly related to the distribution of child pornography offense. The nude photograph of MN, which was the basis of this offense, was imbedded within these challenged text messages. The text messages provide direct context for the dis-

---

[5] Appellant agreed the information in the Stipulation of Fact and attachments was "admissible for all purposes, to include any findings and sentencing proceedings."

tribution of the image. The messages also provide evidence of Appellant's motive for distributing the child pornography, namely, his belief that BT would be interested in that type of material. "An accused's motive for committing an offense is a proper consideration for the sentencing authority in the overall evaluation of the offense and the offender." *United States v. Ringuette*, 29 M.J. 527, 529 (A.F.C.M.R. 1989) (citation omitted). The text messages between Appellant and BT also discuss MN's age and thus provide further evidence that Appellant knew MN was a minor when he sent the image.

The challenged pieces of evidence, individually and collectively, help establish the nature of the relationships between Appellant, MN, and BT, and they provide context, circumstances, knowledge, and motive surrounding the offenses of which Appellant was convicted. The fact that Appellant pleaded guilty to certain crimes does not preclude the Government from presenting other relevant, non-cumulative evidence concerning the circumstances of those offenses in sentencing. *Vickers*, 13 M.J. at 406.

Appellant has also raised an issue of whether the military judge conducted a sufficient analysis under Mil. R. Evid. 403. If the military judge conducts a proper balancing test under Mil. R. Evid. 403, the ruling "will not be overturned unless there is a 'clear abuse of discretion.'" *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001) (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998)). However, if the military judge does not articulate a balancing analysis on the record, the ruling receives "less deference." *Id.* (citation omitted). We find the military judge conducted a sufficient analysis under Mil. R. Evid. 403 prior to admitting the challenged evidence. He considered Mil. R. Evid. 403 for each piece of challenged evidence, noting the probative value and possible prejudicial effect, and determined the balancing test weighed in favor of admission. Even if his analysis could have been more detailed, we find the challenged evidence was highly probative of the relationship between the various parties, provided circumstances and context for the offenses of which Appellant was convicted, and demonstrated Appellant's motive in committing certain offenses. Thus, the probative value of the challenged evidence was not substantially outweighed by the danger of unfair prejudice or confusion of the issues.

Accordingly, we find the military judge did not err in admitting the challenged evidence.

## III. CONCLUSION

The findings and the sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c).

Accordingly, the findings and sentence are **AFFIRMED**.


FOR THE COURT

CAROL K. JOYCE
Clerk of the Court